■ In the Matter of DESIREE X., Alleged to be an Abused Child. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; KAREN X., Appellant.—Harvey, J. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered June 4, 1986, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, and, inter alia, adjudicated Desiree X. to be a neglected child.

This proceeding arises out of a child abuse petition filed by petitioner against respondents, Demetrius AA. and Karen X. Karen is the mother of the allegedly abused three-year-old child. On February 26, 1986 at approximately 10:00 A.M., Karen left the child with Demetrius, who was at that time her live-in boyfriend, while she ran some errands with her mother. Demetrius took the child to the residence of a neighbor, Wayne Hodge, where Demetrius and some friends apparently engaged in heavy drinking. At approximately 4:00 P.M., Karen returned home and proceeded to the Hodge residence where she found Demetrius and her daughter. Shortly thereafter, the child purportedly became upset with her mother and ran into a storage room off the kitchen where she started crying. The child later screamed, prompting Karen to inquire as to the reason for her distress. The child said she hurt her "butt" and pointed to her vagina. Karen checked the child and found blood in the child's underpants. Karen then went to get Demetrius and they took the child to the hospital.

At about 5:00 P.M., the child was examined by Dr. David

Withers and then by Dr. James Frisk. The child was discovered to have a fresh vaginal tear of approximately one half of a centimeter. Frisk later testified that the tear could have been self-induced, or caused by a fall or sexual abuse. The hospital social worker questioned the child who indicated that Demetrius caused her injuries; however, her account of how the injuries occurred was somewhat ambiguous.

An investigation was commenced which resulted in the filing of the abuse petition against Demetrius and Karen. Following a fact-finding hearing, Family Court dismissed the petition on the ground of abuse, but sustained it on the ground of neglect. A dispositional hearing followed in which the child was placed in petitioner's custody for up to 12 months. The child was placed with Karen's mother and Karen was permitted supervised visits with the child. Demetrius was not permitted access to the child. This appeal by Karen ensued; Demetrius has not appealed.

A determination of neglect must be supported by a preponderance of the evidence (Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.,* 66 NY2d 1; *Matter of Linda C.,* 86 AD2d 356). The definition of a "neglected child" includes a child "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care * * * in providing the child with proper supervision" (Family Ct Act § 1012 [f] [i] [B]). Here, Family Court determined that Karen's neglect of the child was based on her failure to provide proper supervision. We conclude that the record fails to establish by a preponderance of the evidence that Karen neglected the child. Karen left the child in the care of her then live-in boyfriend, whom the child called "daddy", while she ran some errands. The record does not reflect that Demetrius had previously mistreated, abused or neglected the child. Hence, Karen had no reason to believe, at that time, that she should not leave the child in Demetrius' care. After Karen returned and discovered the child's injuries, she immediately sought medical care for the child. From these facts it is evident that if there was a failure of supervision, it was by Demetrius, who has not appealed. Demetrius' conduct cannot serve as the basis of a finding of neglect against Karen when based upon a single, unanticipated incident.

Although the record contains insufficient evidence of neglect by Karen to deprive her of custody of the child, we note that Demetrius has not appealed and that the determination of

neglect against him continues to stand. The unchallenged findings against Demetrius reveal that allowing him access to the child could be dangerous to the welfare of the child. Further, Demetrius evidenced an unwillingness to cooperate with petitioner. Accordingly, Family Court should attach such conditions as it deems necessary to insure that the return of custody of the child to Karen does not provide Demetrius access to the child.

Order modified, on the facts, without costs to respondent Karen X., by reversing so much thereof as found the child neglected by respondent Karen X.; matter remitted to the Family Court of Chemung County for further proceedings not inconsistent herewith; and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.