■ In the Matter of DANIEL DD., et al., Alleged to be Abused and Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALICE DD., Appellant.—Harvey, J.—Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered June 20, 1986, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected.

Respondent and Daniel DD. (hereinafter the father) were married in 1971 and had three children, Daniel, Rebecca and Bryan, born in 1971, 1974 and 1975, respectively. In 1982, respondent and the father separated, although they apparently did not enter into a formal separation agreement. The father proceeded to live with a paramour, Anita Hairston, and her three children in Tioga County, Pennsylvania. The three children of respondent and the father continued to live in Chemung County with respondent. However, respondent permitted the children to visit the father in Pennsylvania on weekends.

In early 1984, respondent learned that the Hairston children had been removed from the home of the father and Hariston by Pennsylvania authorities. The father purportedly told respondent that the removal was the result of a fabricated complaint of sexual abuse. Respondent continued to let the children visit the father in Pennsylvania. This visitation continued for a year until the father and Hairston were arrested for sexually abusing the Hairston children.

An investigation by petitioner, which included interviews with the Hairston children, indicated that they, together with the children of respondent and the father, had been forced by threats of physical abuse to engage in acts of sexual intercourse, cunnilingus and fellatio among themselves and with adults. In addition, they described participation in forced acts of bestiality, as well as involvement in satanic rituals involving the sacrifice of animals and the drinking of blood. There was evidence that respondent may have been involved in some of these activities.

In December 1985, petitioner commenced this proceeding alleging that respondent and the father had abused and neglected their children. The proceeding against the father was severed since he was incarcerated in Pennsylvania following his conviction of sexually abusing the Hairston children.

Following a lengthy hearing, Family Court found that petitioner had not proven by a preponderance of the evidence that respondent abused her children. The court found that the primary evidence of abuse, i.e., statements of the Hairston children which had been relayed by a caseworker, was insufficiently corroborated hearsay. However, the court found that respondent had neglected the children by allowing their unsupervised visitation with the father and Hairston after she knew that the Hairston children had been removed from that household based upon allegations of sexual abuse.

Respondent contends that there was insufficient evidence to support the finding of neglect. Family Court Act § 1012 (f) defines a "neglected child" in relevant part as follows: "[A] child less than eighteen years of age (i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum degree of care * * * (B) in providing the child with proper supervision". The statute requires a showing of both parental misconduct and harm or potential harm to the child.

Here, respondent testified that she knew that the father and Hairston had been "hotlined", tacitly recognizing that an abuse complaint had been filed against them. Further, she testified that she knew the Hairston children had been removed from the home of the father and Hairston. Yet, despite this knowledge, respondent continued to allow the children to visit the father without further inquiry until he was arrested on sexual abuse charges. Under these circumstances, we conclude that there was sufficient evidence to support Family Court's finding that respondent failed to provide proper supervision of her children (see, Matter of Tantalyn TT., 115 AD2d 799, 801; cf., Matter of Desiree X., 129 AD2d 841, 842).

With respect to whether there was an appropriate showing of harm or potential harm to the children, respondent's actions clearly subjected the children repeatedly to potential harm, and the manifestation of actual harm caused to at least one of the children was evident in the record.

Order affirmed, without costs. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.