■ In the Matter of CODY P., a Child Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NICOLE S., Appellant. [642 NYS2d 337] —Mikoll, J. P. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered March 3, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

The issue for review is whether petitioner met its burden of proving that respondent's 20-month-old son, Cody P., was a neglected child. The complaint against respondent alleges that her actions put Cody in imminent danger of emotional, physical or mental harm in that she left him, at 7:00 P.M. on September 30, 1994, with someone she barely knew and who did not know respondent's last name, address or telephone number.

The facts reveal that respondent failed to pick up Cody after what was to be approximately a two-hour period. When respondent failed to appear by 5:00 P.M. of the next day, the babysitter surrendered Cody to the police. Cody was dirty, unkempt and suffering from a diaper rash. The babysitter had been left with six diapers, enough milk for three bottles and a dirty change of clothes for the child.

By 9:00 P.M. of the same evening respondent was seen in Ithaca by the police and informed of Cody's whereabouts. Despite efforts by petitioner to discuss the matter, respondent failed to take any action. Ultimately, petitioner was able to confront respondent two weeks later to read her the neglect petition. Respondent's explanations to the social worker were to the effect that she had to get away; that she was too sleepy to deal with the matter and that she would rather deal with the matter another day.

Respondent contends on this appeal that her actions did not constitute neglect since the complaint was based on a solitary incident which should be excused as an isolated oversight on her part. We disagree. Family Court Act § 1012 (f) provides, in relevant part, that a neglected child is one

"(i) whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent * * * to exercise a minimum degree of care

"(A) in supplying the child with adequate food, clothing, shelter or education * * * or

"(B) in providing the child with proper supervision or guardianship".

"The statute contemplates a 'showing of both parental misconduct *and* harm or potential harm to the child' (*Matter of Daniel DD.*, 142 AD2d 750, 751 [emphasis supplied]) by a preponderance of the credible evidence" (*Matter of Jennifer N.*, 173 AD2d 971, 972; *see*, Family Ct Act § 1046 [b] [i]). A single incident may be sufficient to constitute child neglect (*see*, *Matter of Coleen P.*, 148 AD2d 782, 783).

We conclude, based on the facts herein, that respondent placed Cody in imminent danger of harm by abandoning him to the care of a virtual stranger and by not arranging for additional care for him when the babysitting period was at an end. Respondent thereafter failed for a two-week period to take any action or to visit the child despite a case worker's messages at her home and her mother's home regarding the matter of Cody's care; it is not disputed that respondent received such messages. At the dispositional hearing, respondent indicated that she was addicted to crack and not capable of caring for Cody. The abandonment of Cody clearly evidences a failure to provide proper care and supervision placing him in imminent danger of harm.

Respondent also contends that Family Court improperly denied her request to reopen the fact-finding hearing at which she failed to appear. She contends that her failure to appear was not willful and that she was denied an opportunity to confront evidence presented at the hearing which was not alleged in the petition. To the contrary, Family Court appropriately proceeded with the fact-finding hearing in light of respondent's multiple failures to appear at scheduled court appearances after having been ordered to do so. In addition, a final adjournment had been granted to respondent's counsel when respondent failed to appear on a previous date of which she had been personally notified (*see*, *Matter of Commissioner of Social Servs. [Corrine B.] v Margaret D.*, 221 AD2d 439).

We also see no merit in respondent's argument, belatedly raised on appeal, that Family Court should have reopened the fact-finding hearing to allow respondent to defend against allegations made against her outside those in the petition on the ground that she was denied a reasonable time to answer the amended allegations. Respondent's argument is misleading. We note that respondent's counsel did not seek a reopening of the hearing on grounds other than respondent's absence therefrom. Since counsel did not mention as grounds an inability to prepare a defense to the evidence presented, Family Court properly denied a reopening of the hearing.

Respondent also challenges Family Court's amendment of the dispositional order wherein custody of Cody was transferred from the Department to the child's father. Specifically, respondent contends that an evidentiary hearing should have been held on the question of transfer of custody and the contemplated move of the father and child to Arizona. We agree.

Family Court's decision was made after an informal proceeding attended by counsel for the parties and Cody's Law Guardian; neither respondent nor the father were present. After arguments were presented, custody was transferred to the father; acting through its counterpart agency in Arizona, the Department was to oversee the child's well-being and encourage visitation by having the father's family members bring the child for visits with respondent when possible. The record indicates that respondent is in drug rehabilitation, the father is a recovering drug addict who is on parole having been recently released from prison for a parole violation also involving abuse of drugs, and Cody has been with respondent from infancy with the father's role in the child's upbringing not otherwise set forth in the record.

In view of these circumstances, we find the cursory examination by Family Court on the question of transfer of custody and the attendant removal of the child to Arizona to be inadequate. There has not been an appropriate evaluation of the "best interest of the child" as required by the Court of Appeals in *Matter of Tropea v Tropea* (87 NY2d 727). Therefore, the matter must be remitted for an evidentiary hearing on the question of custody.

Mercure, White, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as transferred custody of Cody P. to the father; matter remitted to the Family Court of Tompkins County for a hearing on the question of custody of the child; and, as so modified, affirmed.