■ In the Matter of GLENN II. and Others, Children Alleged to be Neglected. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LISA II., Appellant, et al., Respondent. [650 NYS2d 49] —Spain, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered October 19, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be neglected.

Respondent Lisa II. (hereinafter respondent) is the mother of three children; Tiffany (born in 1989) and twin boys, Glenn and Jeffrey (born in 1986). Petitioner filed three separate neglect petitions alleging that respondent and her husband neglected the children. More specifically, the petitions allege that the children's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of the parents to take necessary precautions to prevent the twin boys from having continued access to cigarettes, cigarette lighters and matches (see, Family Ct Act § 1012 [f] [i] [B]). The petitions further allege that respondent failed to follow through with recommended preventative services, i.e., mental health evaluations and counseling, parenting classes, support groups, respite care and intensive case management.

At the fact-finding hearing petitioner presented testimony from a child protective worker employed by petitioner, an intensive case manager employed by the Tioga County Mental Health Clinic, a caseworker employed by petitioner and a child care worker at Glove House, a foster care agency. The parents did not testify and presented no other witnesses. Family Court found that the parents "failed to provide [the] children with proper guardianship by not taking necessary precautions to prevent [the] children from having continued access to matches, lighters and cigarettes", and concluded that the allegations of neglect in the petitions were sustained. Family Court then accepted a stipulation of disposition returning the children to their parents and directing that the parents prohibit any access by the children to cigarettes, cigarette lighters and matches. Only respondent appeals.

We affirm. The testimony at the fact-finding hearing indi-

cated that respondent was aware as early as March 1994 that the boys were experimenting with cigarettes and were using matches in a dangerous manner when matches were found smoldering under couch cushions, thereby putting the entire family in danger. Respondent, on her own initiative, contacted petitioner at this time and requested preventative services. Although services were offered, respondent did not take full advantage of said services. During the summer of 1994 the boys' experimentation escalated. In June 1994 Jeffrey attempted to set respondent's bed clothes on fire with her cigarette lighter while respondent and her daughter were sleeping in the bed. Thereafter, the parents met with one of petitioner's caseworkers and agreed that they would store their cigarettes, lighters and matches at a neighbor's apartment. Within six weeks petitioner became aware that the boys continued to have access to cigarette lighters and were setting fires. Finally, in August 1994, while a caseworker visited the home, Glenn came out of a bedroom and stated that Jeffrey was "lighting stuff"; upon further investigation the lighter, warm to the touch, was taken away from the child. Thereafter, respondent refused to lock up the cigarette lighters, stating that she would not be a prisoner in her own home. The twin boys were voluntarily placed in foster care the following day.

Children's experimentation with fire and cigarettes is not unexpected nor, standing alone, prima facie evidence of neglect. The record here, however, reveals that the boys were allowed continued access to fire-inducing materials to the extent of placing themselves and other family members in imminent danger (see, Matter of Cody P., 227 AD2d 724, 725; Matter of Daniel DD., 142 AD2d 750). Respondent's frustration with the family environment did not relieve her of her duty to protect her children from that danger. Although respondent's affection for her children has not been challenged, in our view the evidence was sufficient to amply support the finding of neglect within the meaning of Family Court Act § 1012 (f) (i) (B).

Mikoll, J. P., Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.