■ In the Matter of KIM HH., a Child Alleged to be Neglected. WASHINGTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JEANNE II. et al., Appellants. [658 NYS2d 480] —Mercure, J. Appeal from an order of the Family Court of Washington County (Hemmett, Jr., J.), entered February 5, 1996, which granted petitioner's application, in a proceeding

pursuant to Family Court Act article 10, to adjudicate respondents' child to be neglected.

Kim HH., the child who is the subject of this proceeding, was born in 1983. In September 1995, she was living with respondents, who are her mother and stepfather, and six other children. Based on statements Kim made to a school social worker concerning her home life and the manner in which she was treated by respondents, a complaint was filed with the State Central Registry for Child Abuse and Maltreatment and, on September 18, 1995, petitioner commenced this neglect proceeding. Following a combined fact-finding and dispositional hearing, Family Court found that respondents had subjected Kim to excessive corporal punishment and called her names and that their conduct constituted neglect. Family Court placed Kim in petitioner's custody for a period of one year and respondents now appeal.

We are not persuaded by respondents' primary contention, that petitioner failed to establish neglect by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.*, 71 NY2d 112, 117), and accordingly affirm. A child is neglected pursuant to Family Court Act § 1012 (f) (i) (B) if her:

"physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [her] parent or other person legally responsible for [her] care to exercise a minimum degree of care * * *

"in providing the child with proper supervision [or] by unreasonably inflicting or allowing to be inflicted harm * * * including the infliction of excessive corporal punishment."

"The statute contemplates a 'showing of both parental misconduct and harm or potential harm to the child'" (*Matter of Jennifer N.*, 173 AD2d 971, 972 [emphasis omitted], quoting *Matter of Daniel DD.*, 142 AD2d 750, 751; *see*, *Matter of Cody P.*, 227 AD2d 724, 725). It should be noted that excessive corporal punishment, as was alleged in this case, is specifically included within the statutory definition set forth above (Family Ct Act § 1012 [f] [i] [B]).

As properly contended by petitioner and the Law Guardian, the conflict between the sworn testimony presented by Kim, which was entirely consistent with the prior statements she had given to her school social worker, and respondents' denials, supported by Kim's stepbrother, created a sharp credibility issue for Family Court to resolve. It is well established that where the credibility of witnesses is at issue, great deference should be accorded the findings made by Family Court, as it had the advantage of seeing and hearing the witnesses

firsthand (*see, Matter of Allyn WW.*, 235 AD2d 837; *Matter of Kappel v Kappel*, 234 AD2d 872; *Matter of Shaun X.*, 228 AD2d 730, 732).

Kim testified to incidents in early August 1995, when the stepfather hit her twice on the buttocks with an electrical cord from an air compressor, and March 1995 and August 1995, when the stepfather struck her with a short board or stick, and an incident in August 1995, when the stepfather forced her to stand in the corner for six days (if not six consecutive days, at least six days out of seven) from 8:00 A.M. until bedtime. Kim also testified to another occasion when the stepfather hit her with a black rubber hose and numerous episodes when he called her vile names, many of a sexually and racially disparaging nature. We conclude that Kim's testimony, specifically credited by Family Court in the exercise of its fact-finding role, was sufficient to establish the stepfather's neglect through the commission of acts of excessive corporal punishment and the mother's neglect in failing to take the steps necessary to protect Kim from the stepfather's abuse (*see, Matter of J. Children*, 220 AD2d 219; *Matter of J. Children*, 216 AD2d 159, 160; *Matter of Carrie R.*, 156 AD2d 756).

As a final matter, we are unpersuaded that the evidence presented by petitioner was insufficient to establish that respondents' conduct resulted in actual or potential harm to Kim (*see, Matter of Jeffrey D.*, 233 AD2d 668, 669; *cf., Matter of Jessica G.*, 200 AD2d 906, 907; *Matter of William EE.*, 157 AD2d 974, 976). Aside from the obvious physical injury sustained, Kim testified that she was afraid and upset. In fact, she was sufficiently traumatized by the stepfather's conduct that, despite her love for her mother and desire to reside in her household, Kim stated that she would run away rather than reside with her stepfather. In addition, Kim's foster mother and school social worker testified that, since her removal from respondents' household, she has done better in school, made new friends and experienced enhanced self-esteem.

Respondents' remaining contentions have been considered and found unavailing.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.