■ In the Matter of RITA XX. and Another, Children Alleged to be Abused and/or Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GLADYS XX. et al., Appellants. [672 NYS2d 481] —Carpinello, J. Appeals from two orders of the Family Court of Broome County (Ray, J.), entered February 11, 1997 and February 19, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be abused and/or neglected.

Respondents are the parents of two children, Rita (born in 1987) and Mary (born in 1988). On August 11, 1996, the children were removed from respondents' home after allegations by both children that respondent Daniel XX. kicked then nine-year-old Rita between the legs in a fit of anger. Respondents challenge Family Court's determination, following a fact-finding hearing, that the father abused Rita and that both respondents neglected the children. Finding no merit to the contentions advanced on appeal, we affirm.

First, we are unpersuaded by the father's claim that petitioner failed to establish his abuse of Rita by a preponderance of the evidence (*see*, Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.*, 71 NY2d 112, 117). He continues to assert on appeal, as he did at the fact-finding hearing, that he was not at home when Rita was injured and that he did not inflict the injuries to her vagina. In our view, the testimony of petitioner's witnesses, which was specifically credited by Family Court in the exercise of its fact-finding role, was sufficient to establish that the father "inflict[ed] physical injury [upon Rita] by other than accidental means which cause[d] or create[d] a substantial risk of * * * protracted impairment of [her] physical or emotional health" (Family Ct Act § 1012 [e] [i]).

Kevin Hastings, an emergency room physician who examined Rita on August 10, 1996, found, among other multiple stage injuries, a one-centimeter laceration to her inner labia and two fresh linear bruises on her inner thighs. During his examination of Rita, which followed a telephone conversation with the father, she gave a different version of how she sustained these injuries. Despite informing other emergency room personnel that the father kicked her in the vagina, she reported to Hast-

ings that she fell on her bicycle. According to Hastings, however, Rita's injuries were consistent with being kicked between the legs and not with falling on a bicycle.

Four other witnesses—an emergency room nurse who treated Rita, an emergency room social worker who interviewed both the child and the mother and two child protective services caseworkers employed by petitioner—testified that Rita and Mary stated that the father kicked Rita in the vagina while wearing boots because he was angry at her for knocking over an electric fan. Moreover, the children's foster mother confirmed during her testimony that Rita had been instructed to change her story. Although the father denied the allegations and attempted to establish that Rita sustained her injuries from a bicycle fall,* his testimony was found to be incredible by Family Court and we discern no reason, upon our review of the record, to disturb this credibility determination (see, e.g., Matter of Kim HH., 239 AD2d 717, 718-719).

We are similarly unpersuaded by the mother's contention that petitioner failed to establish her neglect of both children by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; Matter of Nicole V., supra). Evidence adduced at the fact-finding hearing established that the father subjected the mother and the children to a constant barrage of disparaging verbal abuse and that domestic violence permeated the household. The mother, however, remained with the father and denied that any such abuse ever took place.

Moreover, after learning of the assault on Rita, the mother failed to adequately intervene on her behalf. On the contrary, she protected and defended the father. When asked about Rita's changed story concerning the source of her injuries, the mother told the emergency room nurse that she did not want her husband to get into trouble. Given the history of verbal and physical abuse occurring in the household and her failure to intervene following the father's assault on Rita, we are satisfied that petitioner demonstrated that the mother neglected Rita by failing to exercise a minimum degree of care to protect her from impairment of her physical, mental and emotional well-being (see, Family Ct Act § 1012 [f] [i] [B]; see also, Matter of Billy Jean II., 226 AD2d 767, 769-770). Nor, taking into account the nature of both respondents' conduct, did Family Court err in its derivative finding of neglect with respect to Mary (see, Family Ct Act § 1046 [a] [i]; Matter of James HH., 234 AD2d 783, 784, lv denied 89 NY2d 812).

---

* Although the father denied kicking Rita, we note that he admitted to a close family friend that "there was a possibility that he might have [kicked her]".

We likewise reject the mother's contention that she was denied meaningful representation at the fact-finding hearing. Her sole claim with regard to this issue is that her attorney failed to move for a severance of the hearing. Inasmuch as the abuse and neglect proceeding against respondents clearly presented common questions of fact (*see, Matter of Amy M.,* 234 AD2d 854, 855) and no prejudice can be discerned from Family Court conducting one hearing (*see,* CPLR 603), severance would have been inappropriate. Accordingly, counsel's failure to request such relief can hardly be deemed ineffective assistance. In short, upon our review of the record, we are satisfied that the mother received meaningful and competent legal representation (*see, Matter of Ashley M.,* 235 AD2d 858; *Matter of James HH., supra,* at 785).

We have reviewed respondents' remaining contentions and find them to be unavailing.

Cardona, P. J., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the orders are affirmed, without costs.