■ In the Matter of KATHLEEN GG., Appellant, v KENNETH II. et al., Respondents. (Proceeding No. 1.) In the Matter of JENNIFER GG. and Others, Children Alleged to be Neglected. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KATHLEEN GG., Appellant. (Proceeding No. 2.) [678 NYS2d 689] —Mikoll, J. Appeals (1) from an order of the Family Court of Sullivan County (Meddaugh, J.), entered October 28, 1996, which dismissed petitioner's application, in a proceeding (No. 1) pursuant to Family Court Act article 6, for custody of her two minor stepchildren, and (2) from an order of said court, entered December 30, 1996, which granted petitioner's application, in a proceeding (No. 2) pursuant to Family Court Act article 10, to adjudicate respondent's children and stepchildren to be neglected.

Kathleen GG. (hereinafter the mother) and Kenneth II.

(hereinafter the father) resided together with their five children from prior relationships. The children, ranging in age from four to 14, included the mother's three daughters—Jennifer GG. (born in 1981), Christine GG. (born in 1984) and Cassandra GG. (born in 1991)—and the father's two children—Tabitha HH. (born in 1988) and Kenneth HH. (born in 1989).

On January 24, 1996, Sullivan County Department of Social Services (hereinafter DSS) filed a petition (proceeding No. 2) against the mother pursuant to Family Court Act article 10 to adjudicate the five children to be neglected. On February 21, 1996, the mother filed a petition for custody of Tabitha and Kenneth (proceeding No. 1). The father was incarcerated and wished to surrender custody to his sister. Family Court granted temporary custody of the two children to the sister and reserved decision on the mother's custody petition until determination of the neglect proceeding. After hearings, Family Court made a finding of neglect and entered a dispositional order in proceeding No. 2, placing the mother under the supervision of DSS. Based on the neglect finding, the court summarily dismissed the mother's custody petition in proceeding No. 1. The mother appeals both orders.

We are unpersuaded by the mother's contention that DSS failed to establish her neglect of her children and stepchildren by a preponderance of the evidence. A neglected child is one whose "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" (Family Ct Act § 1012 [f] [i]) as a result of a parent's failure to exercise a minimum degree of care. This impairment—or imminent danger thereof—can arise from a failure to provide adequate food, clothing or shelter, or from the infliction of harm or a substantial risk thereof (see, Family Ct Act § 1012 [f] [i] [A], [B]).

The hearing testimony provided abundant evidence that the mother neglected her children and stepchildren in several respects. The children were subjected to unsafe and unsanitary living conditions. The family of seven, along with several dogs, cats and 10 to 15 cages of birds, lived in a two-bedroom trailer which was condemned as unsafe for habitation. In addition to numerous dangerous conditions, including weak flooring and broken windows and doors, it lacked running water and a working furnace. Caseworkers testified to the squalid conditions inside and surrounding the trailer, including food, broken glass and dog feces throughout. Emergency housing arranged by DSS was soon observed to be in an equally unsanitary condition. All five children had head lice, for which the mother was

given treatments to administer, yet the children remained infested two months later. This evidence alone would support a finding of neglect (*see, e.g., Matter of Billie Jean II.*, 226 AD2d 767; *Matter of Tammie Z.*, 105 AD2d 463, *affd* 66 NY2d 1).

Testimony further established that the children were exposed to pervasive domestic violence. The father inflicted physical injuries upon Jennifer with a wooden plunger stick. The children related to caseworkers that they feared the father because he was violent, had beaten the mother and threatened to kill her. The mother herself testified that the father had struck her on numerous occasions in the presence of the children and that they were afraid of him. She told caseworkers that he abused drugs and alcohol and that she was afraid of him. The children also reported that the father smoked marihuana in their presence and they knew where he kept the drugs. The mother declined numerous offers of assistance in removing herself and the children by means of "Safe Passages" and other preventive services, electing instead to remain with the father. Indeed, testimony established that despite an order of protection prohibiting him from contact with the children, the mother permitted him to pick the children up from school. A neglect finding may be grounded upon a parent's failure to protect her children from physical abuse (*see, Matter of Brandiwell K.*, 247 AD2d 931; *Matter of Kim HH.*, 239 AD2d 717), as well as upon exposure of children to continued domestic violence (*see,* Family Ct Act § 1012 [f] [i] [B]; *Matter of Katie R.*, 251 AD2d 698, *lv denied* 92 NY2d 809; *Matter of Rita XX.*, 249 AD2d 850).

Nor do we find error in Family Court's summary dismissal of the mother's custody petition based upon its findings in the neglect proceeding. Family Court expressly noted that the father, whose parental rights had not been terminated, expressed his desire that custody be granted to the father's sister. After a hearing, the court determined that awarding custody to the sister would be in Kenneth and Tabitha's best interests. The record, including in camera interviews with the children, supports this conclusion. No evidentiary hearing was required on the mother's custody petition. By virtue of the evidence adduced during the neglect proceeding, Family Court already was possessed with sufficient information upon which to evaluate the best interests of the children (*see, Matter of Davies v Davies*, 223 AD2d 884; *Matter of Oliver S. v Chemung County Dept. of Social Servs.*, 162 AD2d 820).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.