■ In the Matter of AMANDA RR. and Another, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KATHLEEN SS., Appellant, et al., Respondent. (And Another Related Proceeding.) [740 NYS2d 485]

—Mugglin, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered September 1, 2000, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Amanda RR. and Katlyn SS. to be neglected children.

Respondent Kathleen SS. (hereinafter respondent) was called to her older daughter's school around 5:00 P.M. on April 3, 2000. Once there, she was advised by a Child Protective Services worker from petitioner and a State Police Investigator that her daughter had that day told a school counselor that respondent's husband (the daughter's stepfather) had sexually abused her on several occasions. At the fact-finding hearing, these two witnesses and a third State Police Investigator all testified that (1) respondent had no previous knowledge of this abusive behavior, (2) her reaction was one of disbelief and anger, (3) they admonished respondent not to berate or question the child, (4) although respondent said nothing to the child, she gave the child a "look that could kill" and rebuffed the child when she attempted to hug her, and (5) it took them 20 or 30 minutes to convince respondent to place the children in a safe environment or they would do so. As a result, respondent picked up her younger daughter and placed both children with a grandparent.

The State Police obtained a videotaped and typed confession from respondent's husband and respondent read the typed confession on April 5, 2000. Respondent continued to express her disbelief in her husband's guilt and continued to reside with him, despite being advised by the Child Protective Services worker that she was advancing the interests of her husband over those of her children and was proving not to be an ally for her daughters. Family Court signed a removal order on April 10, 2000 and petitioner filed the neglect petition on April 12, 2000. Respondent's failure to testify at the fact-finding hearing warrants drawing the strongest inference against her (see, Matter of Themika V., 205 AD2d 787, 787-788). Nevertheless, were the record to conclude at this point, we are of the opinion that there is insufficient evidence of neglect during this nine-day period to warrant an affirmance (see, Family Ct Act § 1012 [f]; Matter of Ronnie XX., 273 AD2d 491, 493). The record, however, continues with postpetition evidence of neglect. While petitioner should have moved to amend the petition, since this evidence was received without objection by respondent, we exercise our power, in the interest of justice, to sua sponte conform the petition to the evidence (see, Matter of Taylor R., 290 AD2d 830).

This additional evidence establishes that, despite seeing her husband's videotaped confession, respondent unreasonably persisted in her belief in his innocence, kept her children out of their familial home and apart from each other for a period of several weeks and refused to execute a release permitting disclosure of the results of her abused daughter's physical examination, thus subjecting her to the possibility of a second physical examination in conjunction with the prosecution of her husband. These facts amply demonstrate that respondent failed to exercise a minimum degree of care to protect her daughters from impairment of their physical, mental and emotional well-being, and that she failed to be a supportive parent to her abused daughter even when faced with overwhelming, uncontroverted evidence of the abuse (see, Matter of Jennifer G., 261 AD2d 823; Matter of Elizabeth G., 255 AD2d 1010, lv dismissed 93 NY2d 848, lv denied 93 NY2d 814; Matter of Rita XX., 249 AD2d 850). Moreover, her preference for keeping her husband in the household establishes that Family Court correctly determined the younger child to be derivatively neglected (see, Matter of Commissioner of Social Servs. of City of N.Y. [Joanne W.] v Edyth W., 210 AD2d 328).

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.