◼ In the Matter of CHRISTINA BB. and Others, Children Alleged to be Abused and/or Neglected. JAY T. LEPAGE, as Commissioner of Social Services of Clinton County, Respondent; WILLIAM BB., Appellant. (And Two Other Related Proceedings.) [759 NYS2d 560] —Lahtinen, J. Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered September 19, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent William BB.'s children to be neglected, and (2) from an order of said court, entered September 19, 2001, which, inter alia, prohibited respondent William BB. from having unsupervised contact with his children until August 16, 2002.

Respondent William BB. (hereinafter respondent) is the father of Christina (born in 1989), Savannah (born in 1998) and Kimberly (born in 1999). Respondent Jessica BB. is the stepmother of Christina and the biological mother of Savannah and Kimberly. In 2001, respondent, Jessica and the three girls resided together in Clinton County, where Christina was a sixth-grade student in a public school. On May 16, 2001, upon learning that Christina had gotten in trouble at school, respondent began yelling at her, called her various derogatory names (e.g., bitch, whore), struck her in the face at least twice—giving her a bloody lip and a bruise on her cheek that lasted several days—and pushed her head onto a kitchen counter where he held a 10 to 12-inch knife to her throat. He threatened to slit her throat if she got into similar trouble at school in the future.

Jessica and the two young girls were home and witnessed part of this incident.

Inquiries at school about the bruise on her face eventually resulted in Christina reluctantly relating her father's action. Petitioner commenced proceedings pursuant to Family Ct Act article 10 alleging neglect and abuse by both respondent and Jessica. Following a fact-finding hearing, Family Court found that both parents had neglected Christina and that respondent had derivatively neglected Savannah and Kimberly. A dispositional hearing ensued, resulting in the custody of Christina being placed with her paternal grandmother and the other two girls staying at home with Jessica. Respondent, however, was not permitted to reside in the home for one year and, pursuant to an order of protection, he was allowed only supervised visitation with his children. Respondent appeals.

Respondent initially contends that his actions on May 16, 2001 reflected an isolated incident that did not rise to the level of neglect. We disagree. The evidence established, among other things, that he struck Christina hard enough to cause a clearly visible bruise on her face and he held a knife to her throat, threatening to slit it if she continued to get in trouble at school. Such conduct, which was supported by a preponderance of the evidence, constituted excessive corporal punishment and established that the child was in imminent danger of damage to her physical, mental or emotional condition (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Nichole SS.*, 296 AD2d 618 [2002]; *Matter of Evelyn X.*, 290 AD2d 817, 819-820 [2002], *appeal dismissed* 98 NY2d 666 [2002]). Accordingly, a finding of neglect regarding Christina was proper.

We find unpersuasive respondent's further contention that the evidence was insufficient to support a finding of derivative neglect regarding his other two daughters. To be sure, a finding of neglect regarding one child does not necessarily lead to the conclusion that all other children in the household have been neglected (*see Matter of Samuel Y.*, 270 AD2d 531, 532 [2000]). Derivative neglect may be found, however, "where respondent's conduct demonstrates such a flawed understanding of parental duty to protect children from harm so as to create a substantial risk of harm for any child in his * * * care" (*Matter of Melissa L.*, 276 AD2d 856, 857 [2000], *lv denied* 96 NY2d 702 [2001]; *see Matter of Dutchess County Dept. of Social Servs. [Brittney C.]*, 242 AD2d 533, 534 [1997]). Respondent's conduct of striking his daughter with sufficient force to cause visible bruising, together with the escalated act of placing a knife at her throat and threatening to slit her throat, reflected

such fundamentally flawed parenting as to create a compelling concern for the safety of all children in the household. Moreover, some of respondent's acts were carried out in front of the two young girls, his physical actions were accompanied by derogatory profanity directed at Christina and there is evidence in the record that on at least one prior occasion respondent had threatened serious physical harm to his child. Under such circumstances, Family Court's finding of derivative neglect was proper.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.