■ In the Matter of JUSTIN O. and Others, Alleged to be Abused and Neglected Children. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WILFRED Q., Respondent; IRIS P., Appellant. [813 NYS2d 800]—

Crew III, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered August 20, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondent Iris P. (hereinafter the mother) is the biological mother of Sonyell P. (born in 1992) and Shania Q. (born in 1997), and respondent Wilfred Q. (hereinafter the father) is the biological father of Justin O. (born in 1991) and Brandon O. (born in 1992).[1] The mother, the father and the four children have resided together in a three-bedroom trailer in Clinton County for a number of years.

Petitioner commenced this proceeding in March 2004 alleging that respondents abused and neglected each of the subject children. Insofar as is relevant to this appeal, the allegations stemmed from an incident that occurred on March 4, 2004, during the course of which the father entered the bedroom shared by Justin and Brandon and slapped Justin across the face. Following this, Justin was forced to kneel on the living room floor for approximately 30 minutes as punishment. Despite the sizeable and visible bruise on his face, Justin went to school the fol-

1. The father testified that he is Shania's biological father and subsequent paternity testing apparently revealed that Sonyell is his biological child as well.

lowing day, where he disclosed what had occurred at his home the night before.

A fact-finding hearing ensued, during the course of which both parents denied ever hitting any of the children, the father specifically denied striking Justin on the night in question and the mother disavowed any knowledge of the incident that took place between Justin and his father. Characterizing the mother and the father as "bold-faced liar[s]," Family Court found that the father struck Justin with sufficient force to leave a visible bruise on the child's face and, as such, neglected the child by using excessive corporal punishment. Family Court entered a similar finding of neglect against the mother, concluding that she was aware that the father used excessive corporal punishment on this occasion and neither intervened nor otherwise took any action to ensure Justin's safety. Based upon such conduct, derivative findings of neglect were made against respondents as to the three remaining children. The parties thereafter reached an agreement as to the appropriate disposition in this matter, pursuant to the terms of which Justin was placed in petitioner's custody for a period of 12 months and respondents were ordered to undergo and participate in various services. This appeal by the mother ensued.[2]

Initially, we disagree with the mother's assertion that the record as a whole contains insufficient evidence to support the finding that she neglected Justin. Excessive corporal punishment is specifically included in the statutory definition of neglect (see Family Ct Act § 1012 [f] [i] [B]; Matter of Kim HH., 239 AD2d 717, 718 [1997], and "[e]ven a single incident can be sufficient to constitute child neglect" (Matter of Shawn BB., 239 AD2d 678, 680 [1997]; see Matter of Victoria CC., 256 AD2d 931, 932 [1998]). Here, the record as a whole amply demonstrates that the father indeed inflicted excessive corporal punishment upon Justin on the night in question. Justin's out-of-court statements attesting to the fact that his father struck him were sufficiently corroborated by both the photographs introduced into evidence at the hearing and the testimony of the emergency room physician who examined Justin the day following the incident (see Family Ct Act § 1046 [a] [vi]). Notably, the physician testified that the child's face bore an "impressive" bruise with "deep linear marks" that were the product of

---

**2.** According to petitioner, the various orders entered by Family Court in conjunction with the disposition have expired and Justin has been returned to respondents. The mother apparently is pursuing this appeal because, among other things, the finding of neglect imposes an impediment to her stated desire to operate a day-care center.

"[a] very powerful force." And while the slap plainly came at the hands of the father, the case law makes clear that where the petitioner establishes by a preponderance of the evidence that the mother was aware of the excessive corporal punishment and failed to intervene or otherwise protect the child or children in question, a finding of neglect properly may be entered against her as well (*see Matter of Jonathan W.*, 17 AD3d 374, 375 [2005]; *Matter of Kim HH., supra* at 719).

Although the mother testified that she had no knowledge of how Justin obtained what even his father described as the softball-size bruise on his face, Family Court deemed such testimony incredible. Given the size of the trailer in which the family resided, the mother's admitted proximity to Justin's bedroom at the time of the incident, certain of the children's out-of-court statements, which cross-corroborate each other (*see Matter of Tylena S. v Darin J.*, 4 AD3d 568, 571 [2004], *lv dismissed* 2 NY3d 759 [2004]), as to what they saw and heard that night, the size of the bruise and the physician's testimony as to the "very powerful force" necessary to inflict such injury, we cannot say that Family Court erred in discrediting the mother's testimony that she was unaware of what had transpired that evening. We also agree with Family Court that, under the circumstances presented here, the mother's failure to intervene and/or take measures to ensure Justin's safety prior to his eventual removal from the home constituted neglect (*compare Matter of Evelyn X.*, 290 AD2d 817, 820 [2002], *lv dismissed* 98 NY2d 666 [2002]).

We do, however, agree with the mother that there is insufficient evidence to sustain the finding that she derivatively neglected Brandon, Sonyell and Shania. There is nothing in the record to suggest that anyone other than Justin was struck on the night at issue or otherwise was impaired or in danger of becoming impaired as a result of such incident, and while petitioner alleged that corporal punishment was an essentially daily event in respondents' home (and the children made certain conclusory statements to that effect), the record as a whole simply does not demonstrate, by a preponderance of the evidence, that the mother's conduct in this particular instance evidenced such a "fundamentally flawed" concept of parenting as to give rise to a "compelling concern" for Brandon, Sonyell and/or Shania's safety (*Matter of Christina BB.*, 305 AD2d 735, 736 [2003]). Accordingly, Family Court's order must be modified to this extent.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by revers-

ing so much thereof as adjudicated Brandon O., Sonyell P. and Shania Q. to be neglected children by respondent Iris P.; petition dismissed to that extent; and, as so modified, affirmed.