Matter of Ahriiyah VV (Rebecca VV.) (2018 NY Slip Op 02511)





Matter of Ahriiyah VV (Rebecca VV.)


2018 NY Slip Op 02511


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

523407

[*1]In the Matter of AHRIIYAH VV. and Others, Alleged to be Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; REBECCA VV. et al., Appellants.

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Teresa C. Mulliken, Harpersfield, for Rebecca VV., appellant.
Michelle I. Rosien, Philmont, for Robert WW., appellant.
Thomas P. Coulson, Broome County Department of Social Services, Binghamton, for respondent.
Christopher A. Pogson, Binghamton, attorney for the children.


Aarons, J.

MEMORANDUM AND ORDER
Appeals from three orders of the Family Court of Broome County (Connerton, J.), entered June 17, 2016 and August 1, 2016, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children
to be neglected.
Respondent Rebecca VV. (hereinafter the mother) is the mother of two daughters (born in 2011 and 2013). Respondent Robert WW. (hereinafter the father) is the father of a daughter (born in 2012). At the time of the proceeding, the children lived in a house with the mother and the father in the City of Binghamton, Broome County. Petitioner received reports concerning domestic violence and drug manufacturing and use in the house where the children resided. After a search of the house revealed unsanitary conditions and drug paraphernalia, petitioner commenced this neglect proceeding against the mother and the father. Following fact-finding and dispositional hearings, Family Court found that the mother and the father had neglected the [*2]children and, among other things, placed the children in petitioner's care for 12 months. These appeals by the mother and the father ensued.
The mother and the father solely contend that Family Court's finding of neglect was not supported by a sound and substantial basis in the record [FN1]. We disagree. At the fact-finding hearing, several of petitioner's caseworkers testified that the children appeared to be dirty and unbathed when they visited their residence. One caseworker stated that one child was not wearing any clothes and that another child's diaper was "extremely full with urine and feces and she had no clothes on." Another caseworker specifically described the children as "filthy" and that their feet were "blackened" and "their hair [was] unbrushed." On one occasion, the caseworker observed garbage on the porch and a blackened mattress that had a strong odor of feces and urine. The inside living area was described as "extremely dirty" with no furniture except for mattresses on the ground with no bedding. During an unannounced visit, a caseworker was greeted at the door by one of the children and the caseworker discovered that the children were unsupervised as the mother and the father were sleeping in a bedroom. In addition, a caseworker stated that the children kept picking up scissors and, even though the caseworker told the father to put them out of the reach of the children, he would place them where the children could still pick them up. The caseworker also observed the father drinking vodka and testified that the father did not know where the diapers or wipes were kept after being told that one child's diaper needed to be changed.
A caseworker testified that she asked one of the children if anyone at her home "[took] medicine." The child responded that her parents did and that "they use[d] the pokey things in their arms and legs." An investigator with the State Police testified that he found drug paraphernalia, including needles, as well as toxic chemicals, materials and items used to manufacture methamphetamine, in the apartment and concluded that methamphetamine had been manufactured therein. He also found a container of lighter fluid next to one child's sippy cup. The investigator testified that the dangers associated with manufacturing methamphetamine included burning of the skin and fires. An officer with the City of Binghamton Police Department testified that the father admitted to having a history of drug use and that he had an understanding of how to manufacture methamphetamine.
In concluding that the children were neglected, Family Court found that the children lived in "dirty, chaotic [and] haphazard" conditions and that they were left unsupervised during the daytime while the father and the mother slept. Although no illegal drugs were discovered in the house, Family Court found that drug paraphernalia and toxic chemicals were within the reach of the children and placed them at risk of harm. These findings are supported by a sound and substantial basis in the record and, more to the point, demonstrate that the children were placed in imminent harm due to the failure of the mother and the father to exercise a minimum degree of care over the children (see Matter of Heyden Y. [Miranda W.], 119 AD3d 1012, 1013-1014 [2014]; Matter of Paige AA. [Anthony AA.], 85 AD3d 1213, 1217 [2011], lv denied 17 NY3d 708 [2011]; Matter of Kathleen GG. v Kenneth II., 254 AD2d 538, 539-540 [1998]). Accordingly, we conclude that petitioner established by a preponderance of the evidence that the mother and the father neglected the children, and we discern no basis to disturb Family Court's [*3]determination (see Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]; Matter of Jade F. [Ashley H.], 149 AD3d 1180, 1181-1182 [2017]; Matter of Stephanie RR. [Pedro RR.], 140 AD3d 1237, 1238 [2016]).
Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: Although the dispositional order expired by its own terms, the appeal is not moot given that the neglect finding against the mother and the father may adversely affect them in future matters (see Matter of Dylynn V. [Bradley W.], 136 AD3d 1160, 1161 [2016]).