■ In the Matter of JERRY XX., a Child Alleged to be Neglected. ROSE M. PANDOZY, as Commissioner of the Clinton County Department of Social Services, Respondent; NORA S., Appellant. (Proceeding No. 1.) In the Matter of NORA S., Appellant, v ROSE M. PANDOZY, as Commissioner of the Clinton County Department of Social Services, et al., Respondents. (Proceeding No. 2.) (And Three Other Related Proceedings.) [663 NYS2d 424] —Mikoll, J. Appeals (1) from five orders of the Family Court of Clinton County (McGill, J.), entered October 4, 1995 and March 5, 1996, which, *inter alia*, granted petitioner's applications, in four proceedings pursuant to Family Court Act article 10, to extend the placement of respondent's children for a period of 12 months, and (2) from an order of said court, entered October 4, 1995, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of her children.

Nora S. is the mother of the four children, Jerry XX., Elizabeth XX., Anthony XX. and Gerald XX., who are the subject of these five proceedings. The first four proceedings seek to extend placement of the children with the Department of Social Services for an additional 12 months and the fifth proceeding seeks return of custody of the children to the mother. Family Court granted petitioner's applications and extended placement of the children with the Department for a period of 12 months commencing September 1, 1995. Family Court also dismissed the mother's custody petition, finding that she failed to establish the allegations of the petition alleging a change of circumstances.

We conclude that the appeals concerning the children's place-

ment are now moot. While these appeals were proceeding, Family Court granted a subsequent petition to extend the children's placement with the Department for another 12-month period, commencing August 30, 1996 and the mother consented. In December 1996, Family Court granted the Department's applications, in proceedings pursuant to Social Services Law § 384-b, to adjudicate the children permanently neglected, and terminated the mother's parental rights.

The instant appeals must be dismissed as moot since the orders extending placement which are the subject of this appeal expired on September 1, 1996. The mother has not appealed from Family Court's November 1996 orders extending placement (see, Matter of Tanya M., 207 AD2d 656). No exception to the mootness doctrine has been raised (see, Matter of Tabitha R., 225 AD2d 1049). Consequently we deem the appeals moot. This is true even though the mother was denied the relief sought in her custody petition in that, in December 1996, Family Court found by clear and convincing proof that the children were permanently neglected and ordered their transfer to the Department so that adoption could proceed. No appeal having been taken therefrom, the mother's appeal regarding her earlier request is moot. Since the Department has provided the court with documentation as to the subsequent orders, consideration of the merits of the mother's appeals will not be addressed.

Cardona, P. J., Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.