■ In the Matter of MARY ELLEN P., on Behalf of JONATHAN Q., Petitioner, v JOHN R., Appellant. (Proceeding No. 1.) In the Matter of JONATHAN Q., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN R., Appellant. (Proceeding No. 2.) (And Another Related Proceeding [Proceeding No. 3].) [718 NYS2d 442] —Lahtinen, J. Appeals (1) from an order of the Family Court of Columbia County (Leaman J.), entered March 12, 1999, which granted petitioner's application, in a proceeding (No. 1) pursuant to Family Court Act article 8, for an order of protection, and (2) from two orders of said court, entered April 28, 1999, which granted petitioner's applications, in two proceedings (Nos. 2 and 3) pursuant to Family Court Act article 10, to adjudicate Jonathan Q. and Amanda P. neglected children.

Respondent is the father of Jonathan Q. (born in 1997), who lived with Jonathan, his mother and Amanda P., the mother's child from another relationship. In January 1999 the mother filed a family offense petition (proceeding No. 1) alleging that respondent slapped Jonathan in the face, committing assault in the third degree. As a result of this incident, petitioner Columbia County Department of Social Services (hereinafter petitioner) filed two petitions pursuant to Family Court Act article 10 against respondent, the first alleging that respondent neglected Jonathan by striking him on the face leaving marks (proceeding No. 2) and the second alleging derivative neglect of Amanda (proceeding No. 3). Each petition also alleged neglect by respondent subjecting the children's mother to ongoing abusive behavior. The petitions, which involved the

same underlying allegations, were tried together without objection.*

At the conclusion of the fact-finding hearing, Family Court (1) ruled that respondent neglected Jonathan by striking his face and that the same evidence was sufficient to establish that the family offense had occurred, and (2) dismissed the petition alleging derivative neglect of Amanda. The parties stipulated to an order of disposition and an order of protection. Respondent now appeals claiming that petitioner did not meet its burden of proof on any of the petitions, requiring dismissal as a matter of law, and that he was prejudiced by Family Court's erroneous evidentiary rulings.

Initially, we note that respondent's notice of appeal includes a challenge to an order finding derivative neglect of Amanda in proceeding No. 3 which was entered despite Family Court's dismissal of that petition at the conclusion of the fact-finding hearing. Neither party addressed the merits of that derivative neglect finding in their briefs on this appeal, leading this Court to conclude that the order was erroneously entered and, in any event, abandoned (*see, e.g., OSJ, Inc. v Work*, 273 AD2d 721, 722, n 2; *Bombard v Central Hudson Gas & Elec. Co.*, 205 AD2d 1018, 1020, *lv dismissed* 84 NY2d 923), requiring that the order be reversed and the petition dismissed.

Turning to the other neglect petition (proceeding No. 2), Family Court Act § 1012 (f) (i) provides, in pertinent part, that a neglected child is one

"whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent * * * to exercise a minimum degree of care * * *

"(B) * * * by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof, including the infliction of excessive corporal punishment."

In a neglect case petitioner has the burden of proving the allegations of the petition by a preponderance of the evidence (Family Ct Act § 1046 [b] [i]; *see, Matter of Cody P.*, 227 AD2d 724, 725).

At the fact-finding hearing petitioner called the children's mother, who testified that early in the day on January 8, 1999

---

* The record on appeal reflects that respondent and the children's mother also filed petitions seeking custody of Jonathan. The Family Court hearing did not involve these petitions but they were resolved by stipulation of the parties entered into at the dispositional hearing held in the proceedings now before us.

she observed respondent changing Jonathan's diaper in the living room of their residence and noticed that her son had "red marks on his face," which she described as "finger marks," and that the child was crying. The child's maternal great-grandmother testified that on the date of the incident she asked respondent if he had slapped Jonathan, and he said no he had just "tapped" him. After denial of his motion to dismiss the proceedings at the close of petitioner's proof, respondent called the pediatrician who examined the child five days after the alleged incident for an unrelated ear infection—who testified that he did not notice any bruises or marks on the child—and the child protective services caseworker who investigated the hotline call four days after the incident occurred—who testified that she did not observe any bruises or a hand print on the child. Respondent did not testify and other witnesses called by respondent were not permitted to testify, Family Court finding that the substance of their proposed testimony had no relevance to the issues in the proceeding.

Recognizing that Family Court's determination is entitled to great weight and deference on appeal and should not be disturbed unless clearly unsupported by the record (*see, Matter of Emily PP.*, 274 AD2d 681, 683), and viewing the evidence in the light most favorable to petitioner (*see, Matter of William EE.*, 157 AD2d 974), we find that the mother's testimony concerning visible red finger marks on the infant's face (*see, People v Gozdalski*, 239 AD2d 896, 897, *lv denied* 90 NY2d 858), respondent's admission that he "tapped" the infant, the reaction of the infant in crying out and the tender age (13 months) of the child support Family Court's finding in proceeding No. 2 of neglect, "notwithstanding the fact that the record identifies only a single occurrence of physical abuse" (*Matter of Samuel Y.*, 270 AD2d 531, 532). Additionally, "[r]espondent's failure to testify entitles the fact finder to draw strong inferences against him as may be supported by other evidence in the record" (*Matter of Tami G.*, 209 AD2d 869, 870, *lv denied* 85 NY2d 804; *see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.*, 59 NY2d 137, 141).

However, although we conclude that such conduct on the facts presented here constitutes neglect, we disagree with Family Court's finding that the same evidence constituted assault in the third degree, the only offense charged in the family offense petition (proceeding No. 1). The crime of assault in the third degree requires proof of a physical injury (*see,* Penal Law § 120.00), which is defined in Penal Law § 10.00 (9) as impairment of physical condition or substantial pain. Although the

matter of whether the victim of an assault sustained substantial pain is generally a question to be determined by the trier of fact (*see, People v Guidice*, 83 NY2d 630, 636; *People v Rojas*, 61 NY2d 726, 727), there is, however, an objective level below which the question is one of law (*see, Matter of Philip A.*, 49 NY2d 198, 200). In our opinion, the evidence set forth cannot support a finding that Jonathan suffered a physical injury (*see, id.*, at 200) even under the reduced standard of proof applicable to family offense proceedings. There being no other proof of a family offense in the record, that petition must be dismissed.

We have reviewed respondent's remaining contentions, including those challenging Family Court's evidentiary rulings, and find them to be without merit.

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order in proceeding No. 1 is reversed, on the law, without costs, and petition dismissed. Ordered that the order in proceeding No. 2 is affirmed, without costs. Ordered that the order in proceeding No. 3 is reversed, on the law, without costs, and petition dismissed.