■ In the Matter of GERROD BB. and Others, Children Alleged to be Neglected. SCHOHARIE COUNTY DEPARTMENT OF

SOCIAL SERVICES, Respondent; LAURA BB., Appellant. (And Another Related Proceeding.) [725 NYS2d 742] —Carpinello, J. Appeals from three orders of the Family Court of Schoharie County (Bartlett, III, J.), entered July 16, 1999, September 7, 1999 and September 16, 1999, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to adjudicate respondents' children to be neglected.

By petition filed in May 1998, respondent was charged with abusing and neglecting four of her children and, in a separate petition filed four months later, she was charged with abusing a fifth child, Noah BB. Family Court thereafter granted petitioner's application to convert the petitions to neglect petitions and, after conducting a fact-finding hearing on the allegations of neglect, the court adjudicated each of respondent's five children to be neglected. The court found that respondent had (1) locked the children in their rooms rather than exert the effort needed to properly supervise them, (2) failed to properly supervise the children thereby allowing them to get out of the house and into dangerous situations, and (3) failed to make sure that the children were consistently and appropriately fed. The court also found that one of the children, Gerrod BB., was not adequately prepared, with either basic knowledge or social skills, to enter school and that respondent had a very limited understanding of her parental responsibilities or that her parenting skills were deficient. After a dispositional hearing, the court placed four of the children with their father and placed Noah with petitioner. Respondent appeals.*

Respondent contends that the evidence is legally insufficient to support Family Court's factual findings and the findings are against the weight of the evidence. We disagree. Our review of the record discloses sufficient testimony, including that of the father, to support Family Court's factual findings. The court's decision to credit the testimony demonstrating respondent's neglect and to reject respondent's testimony to the contrary involved a credibility determination that "is entitled to great weight" (*Matter of Akia KK.*, 282 AD2d 839, 840). Inasmuch as Family Court's determination is not clearly lacking support in the record, there is no basis to disturb the factual findings (*see, Matter of Kathleen OO.*, 232 AD2d 784, 785).

Although respondent claims that Family Court considered evidence of certain incidents of neglect that were not alleged in

* As the result of an order entered in a subsequent permanent neglect proceeding, respondent's parental rights as to Noah were terminated. Accordingly, respondent's appeal from the order entered September 16, 1999 is moot.

the petition, the issue was not preserved for our review by appropriate objection at the fact-finding hearing (*see, Matter of Michelle S.*, 195 AD2d 721, 722). In addition, despite petitioner's presentation of evidence of a prior permanent neglect proceeding involving another of respondent's children, which was of questionable relevance to the allegations of neglect in this case, there is nothing in the record that demonstrates that the prior proceeding played any role in Family Court's findings of neglect. Finally, while Family Court's finding that Gerrod was not academically prepared to enter school does not necessarily establish neglect (*see, Matter of Jeremy VV.*, 202 AD2d 738, 739-740), the court could nonetheless attribute Gerrod's behavioral problems and lack of social skills in kindergarten to respondent's inadequate parental supervision and guardianship. For example, after one of Gerrod's teacher's compared him to "Tarzan who had been left out in the jungle * * * [with] no concept of social skills; very aggressive, very angry," the father testified that he had come home one evening to find then four-year-old Gerrod sitting on the front step in the rain with all of his toys, which respondent had removed from the house because she thought Gerrod was "evil." After reviewing the record and considering respondent's arguments, we find no basis to disturb Family Court's orders.

Mercure, J. P., Crew III, Peters and Rose, JJ., concur. Ordered that the orders entered July 16, 1999 and September 7, 1999 are affirmed, without costs. Ordered that the appeal from the order entered September 16, 1999 is dismissed, as moot, without costs.