In the Matter of CURTIS N. et al., Children Alleged to be Neglected. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT N., Appellant. (Proceeding No. 1.) In the Matter of DAWN N., a Child Alleged to be Abused. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROBERT N., Appellant. (Proceeding No. 2.) [733 NYS2d 747] —Lahtinen, J. Appeals from two orders of the Family Court of St. Lawrence County (Nelson, J.), entered March 21, 2000, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to, *inter alia*, extend placement of respondent's children.

Respondent is the biological father of Curtis (born in 1986), Emily (born in 1992) and Felicia (born in 1993), who, in September 1998, were adjudicated to be neglected children by Family Court, and Dawn (born in 1987) who, at the same time, was adjudicated to be an abused child. The children were all placed with their mother under petitioner's supervision.[1] By petitions filed in June 1999, petitioner sought extension of the placement of the children for 12 months (*see,* Family Ct Act § 1057) and review of the children's foster care status (*see,* Social Services Law § 392).[2] After several hearings at which respondent was not present but was represented by assigned counsel, Family Court granted petitioner's applications and extended placement of the children for 12 months terminating on September 9, 2000, continued previous Family Court orders

---

1. Curtis, Dawn and Emily were subsequently removed from their mother's custody and placed in foster homes.

2. Petitioner also moved for an order relieving petitioner of the requirement to make reasonable efforts to reunite respondent and the children (*see,* Social Services Law § 358-a [3]). Family Court denied that motion.

of protection that prohibited contact between respondent and the children and approved petitioner's permanency plan for the family. Respondent now appeals from those orders.

Petitioner initially argues that respondent's appeal should be dismissed as moot because the orders appealed from have expired and have been extended by subsequent orders[3] (*see, Matter of Miguel HH.*, 285 AD2d 692; *Matter of Lisa Z.*, 276 AD2d 853, 853; *Matter of Jerry XX.*, 243 AD2d 988, 989). However, as respondent's notice of appeal also encompasses the issues of Family Court's denial of respondent's application for visitation and the approval of petitioner's service plan which did not include respondent, apparently because of an outstanding criminal court order of protection, we shall consider the merits of respondent's appeal.

Respondent first contends that Family Court's failure to permit him to appear at the hearings and testify violated his due process rights and constituted an abuse of the court's discretion. Due process of law is required in Family Court Act article 10 proceedings (*see,* Family Ct Act § 1011; *Matter of Cardinal,* 30 AD2d 444). While due process includes the right of a necessary party to be present at every stage of the trial, that right is not absolute (*see, Matter of Raymond Dean L.,* 109 AD2d 87, 88 [and cases cited therein]; *see also, Matter of James Carton K.,* 245 AD2d 374, 377, *lv denied* 91 NY2d 809) and, on this record, we find that Family Court's denial of respondent's request to be present at the hearings on the petitions did not violate this right nor constituted an abuse of the court's discretion.

It is not disputed that at the time of the hearings respondent was incarcerated in a State correctional facility as a result of his conviction for a sex offense involving Dawn. Additionally, respondent had been determined by Family Court to have sexually abused and neglected his children. At the first hearing, respondent's counsel made an oral application requesting that respondent be brought to the hearing to "make an appearance and present to the Court what he has done since he has been incarcerated." Although this request was denied, respondent's counsel was permitted to present a letter attesting to respondent's participation in and satisfactory discharge from the sex offender program at the Oneida Correctional Facility in Oneida

---

**3.** The subsequent orders are not a part of this record, but respondent did not deny their existence in his reply brief.

County,[4] which was received in evidence by stipulation of the parties. The record reflects that Family Court duly considered this proof, as evidenced by respondent's successful application for deletion of the statement in petitioner's service plan which characterized him as an "untreated sex offender." Consequently, respondent, represented by counsel who actively participated in the hearings and submitted evidence on his behalf, cannot be said to have been prejudiced by his absence from the hearings (see, e.g., Matter of Jennifer DD., 227 AD2d 675, 676).

For the same reasons we find that respondent received meaningful representation (see, People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147) equivalent to that required in a criminal proceeding (see, Matter of Ashley M., 235 AD2d 858, 859), and reject his claim that he was denied effective assistance of counsel.

Nor do we find any abuse of discretion in Family Court's determination not to permit respondent visitation with his children as that determination has a sound basis in the record (see, Matter of Catherine P., 269 AD2d 702, lv denied 95 NY2d 751). While "a parent's incarceration, standing alone, is not a sufficient basis upon which to deny visitation" (Matter of Hadsell v Hadsell, 249 AD2d 853, 853, lv denied 92 NY2d 809), respondent was still subject to an order of protection prohibiting contact with his children as part of his criminal sentence.[5] Further, petitioner's summary and assessment, which was received in evidence, provided a substantial basis for Family Court to conclude that contact between respondent and the children may prove harmful to them (see, Matter of La Rue v Crandall, 254 AD2d 633, 634) and that visitation would not be in the children's best interests (see, Matter of Bougor v Murray, 283 AD2d 695, 695-696).

Finally, we note that respondent has not addressed the propriety of the orders approving petitioner's service plans for the children on this appeal so those issues are deemed abandoned (see, Gibeault v Home Ins. Co., 221 AD2d 826, 827 n 2).

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.

---

4. Respondent's counsel also stated on the record that respondent had completed another program for sex offenders while incarcerated but no documentary proof was presented regarding respondent's participation in any other such program.

5. This order of protection is not included in the record but Family Court and all counsel acknowledged that it was in effect.