■ In the Matter of Curtis N. et al., Children Alleged to be Neglected. St. Lawrence County Department of Social Ser-

vices, Respondent; ROBERT N., Appellant. [737 NYS2d 127] —Lahtinen, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered January 12, 2001, which, in a proceeding pursuant to Family Court Act article 10, inter alia, denied respondent's motion to reopen proceedings.

Respondent is the biological father of four children: Curtis (born in 1986), Dawn (born in 1987), Emily (born in 1992) and Felicia (born in 1993). In September 1998, the children were adjudicated to be either neglected or abused pursuant to Family Court Act article 10, resulting in their placement in foster care.[1] A subsequent Family Court order extending placement of Curtis, Emily and Felicia with petitioner gave respondent the right to move to reopen the extension of placement proceedings "provided such motion is supported by affidavits in the form of offers of proof as to what evidence [respondent] would present to [Family Court]; concerning, but not limited to, an alternative permanency plan for the subject children, amendments to the current service plan, changes to the current visitation plan, and such other matters that may be relevant to the best interests of the child."

In December 2000, respondent moved to reopen the proceedings, supported by the affirmation of his assigned counsel and several unsworn letters from respondent to petitioner. The motion was opposed by petitioner and denied by Family Court, which found that respondent "failed to meet the standard established by this court in setting forth in affidavit form offers of proof as to what would be presented if this matter were to be reopened." Respondent appeals.

On appeal, respondent contends that his offer of proof was sufficient to require Family Court to reopen the extension of placement proceeding, that the hearing should be reopened because his due process rights were violated when he was not permitted to appear and testify during the original proceeding and that petitioner failed to make diligent efforts to encourage and strengthen the parental relationship. We reject respondent's contentions and affirm Family Court's order.

Initially, our review of respondent's motion to reopen the proceeding reveals that Family Court properly determined that his submissions failed to address the necessary issues outlined in Family Court's prior order. Consequently, the resultant decision denying the application cannot be said to be an improvi-

---

**1.** The history of this proceeding is set forth in our recent decision (*Matter of Curtis N.*, 288 AD2d 774).

dent exercise of that court's discretion (*see, Matter of Alexa Ray R.,* 276 AD2d 703, 704). Respondent's letters to petitioner contain statements, such as "I would like to address each and every aspect of the modification service plan," "I have attempted to make plans for further treatment once I am released and also attempted to get further counselling [*sic*] while I am incarcerated" and "I have had many plans for [the children's future]," but fail to set forth any specific proposals, courses of action or modifications to petitioner's service plans, which had been provided to respondent and thereby fail to make an offer of proof sufficient to reopen the proceeding. We also note that respondent remains obligated to plan for the future of his children despite his incarceration (*see, Matter of Charles Frederick Eugene M.,* 171 AD2d 343, 347, *appeal dismissed* 79 NY2d 977), and he failed to demonstrate that he was doing so or even attempting to do so.

Next, we find no reason to disturb our determination made in the context of respondent's prior appeal (*Matter of Curtis N.,* 288 AD2d 774), that, on this record, Family Court's denial of respondent's request to be present at the prior proceedings was not an abuse of that court's discretion nor violative of respondent's rights. We previously determined that the due process rights to which respondent was entitled (*see, Matter of Hanson,* 51 AD2d 696) were fully protected in the prior proceedings and there is nothing in either respondent's motion nor anywhere else in the record which would cause us to conclude otherwise.

Finally, we reject respondent's claim that petitioner has failed to demonstrate that it has made diligent efforts to encourage and strengthen the relationship between respondent and his children. As a consequence of respondent's incarceration, petitioner is not statutorily obligated to make diligent efforts to provide services to respondent (*see,* Social Services Law § 384-b [7] [f] [3]). Further, because orders of protection were issued by Family Court in conjunction with this proceeding and by County Court[2] in conjunction with respondent's conviction for sodomy in the first degree involving one of his children as the victim, it may logically be concluded that those courts determined that it would not be in the children's best interests to visit with respondent, and petitioner would not be obligated to facilitate such visitation (*see,* Social Services Law § 384-b [7] [f] [5]). It is also clear from the record that petitioner answered respondent's inquiries regarding the children, provided him with updated service plans and reports pertaining to the chil-

---

2. Respondent acknowledges that this order of protection is for a period of 13 years.

dren and, given the circumstances, provided what services it could. On this record, we conclude that respondent's motion to reopen the proceedings was properly denied.

Cardona, P.J., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.