■ In the Matter of NICHOLE SS. and Another, Children Alleged to be Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EUGENE TT., Appellant. [745 NYS2d 128] —Rose, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered February 2, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Nichole SS. and William SS. to be neglected children.

Nichole SS. (born in 1984) and William SS. (born in 1985) resided with their mother and respondent, who is their mother's live-in boyfriend. When respondent, who was angry and intoxicated, struck William during an altercation concerning William's school progress reports, respondent was arrested for assault in the third degree and ultimately pleaded guilty to a charge of harassment. Petitioner then commenced this neglect proceeding against both the mother and respondent. The mother consented to a finding of neglect, and Family Court placed her under petitioner's supervision for one year. Following a fact-finding hearing, Family Court found that respondent had neglected and abused the children, and also placed him under petitioner's supervision for one year. Respondent appeals.

Initially, we reject respondent's claim that he was not a person legally responsible for the children's care and, therefore, not subject to Family Court's jurisdiction over him (see, Family Ct Act § 1012 [a], [g]). Although he was not the children's biological father, he lived with the children for approximately five years and took on the role of a parent. During that period, he was regularly present in their home, purchased food for the household, ate meals with them, gave them gifts and, on occasion, disciplined them at the mother's request. As the parent's paramour who was regularly in the children's household, and given the typically parental relationship he had with the children, respondent was properly subjected to Family Court's ju-

risdiction (*see, Matter of Yolanda D.*, 88 NY2d 790, 796; *Matter of Faith AA.*, 139 AD2d 22, 24).

Next, after considering the evidence adduced at the hearing and giving appropriate deference to Family Court's credibility determinations (*see, Matter of Mary E.P. v John R.*, 278 AD2d 750, 752), we find ample substantiation of actual and potential harm inflicted on the children by respondent. A child's exposure to domestic violence in the home standing alone may form the basis for a finding of neglect (*see, Matter of Larenzo SS.*, 289 AD2d 880, 882; *Matter of Kathleen GG. v Kenneth II.*, 254 AD2d 538, 540), and harm to the child through the use of excessive corporal punishment may also provide such a basis (*see*, Family Ct Act § 1012 [f] [i] [B]; *Matter of Evelyn X.*, 290 AD2d 817, 820). The record here establishes that respondent used excessive force in disciplining the children, caused domestic violence against the children's mother to occur in their presence and has an alcohol abuse problem which contributed to his violent acts. Thus, Family Court's finding of neglect has a sound and substantial basis in this record.

Finally, there is no dispute that, as a result of inadvertent error, the order appealed from includes an unalleged and unproven finding of abuse. Accordingly, we will modify it to reflect a determination of neglect only.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as adjudicated the children to be abused, and, as so modified, affirmed.