■ In the Matter of ERIC B. and Others, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THERESA WW. et al., Appellants. [751 NYS2d 72] —Carpinello, J. Appeals (1) from an order of the Family Court of Otsego County (Farley, J.H.O.), entered December 7, 2000, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents' children to be neglected, and (2) from an amended order of said court (Burns, J.), entered April 13, 2001, which, inter alia, ordered that respondents' children be placed in the custody of petitioner.

In August 2000, an amended neglect petition was filed against respondents alleging, inter alia, that they had failed to provide adequate shelter for their five children, then ranging in ages from 4 to 10, had failed to provide medication to one of the children and further had allowed incidents of domestic violence to occur in the children's presence. Family Court granted the petition on this latter ground and, following a dispositional hearing, placed the children in petitioner's care for a period of time, now expired. Respondents appeal.

Respondent Theresa WW. initially claims that Family Court erred in its finding of neglect based on unsubstantiated allegations of sexual abuse. Since petitioner never sought to have any of the children adjudicated to be neglected based on allegations of sexual abuse and, more importantly, since Family Court's finding of neglect is not based on any such issue, the claimed error is unsupported by the record. Next, the determination that respondents neglected their children by exposing them to acts of domestic violence is supported by a preponderance of the evidence (*see Matter of Nicole V.*, 71 NY2d 112, 117) and will thus be affirmed (*see Matter of Nichole SS.*, 296 AD2d 618, 619; *Matter of Lonell J., Jr.*, 242 AD2d 58). Evidence on this issue included the testimony and files of petitioner's caseworkers who have been involved with this family for some time, the allegations sworn to by Theresa in a family offense petition against respondent Walter B., Walter's conviction of second degree harassment against Theresa and certain out-of-court statements made by one of respondents' daughters, which were sufficiently corroborated (*see* Family Ct Act § 1046 [a] [vi]). Finally, upon our review of the record, we are satisfied that Walter received meaningful representation (*see e.g. Matter of James HH.*, 234 AD2d 783, *lv denied* 89 NY2d 812) and thus reject the contention that he was denied the effective assistance of counsel.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order and amended order are affirmed, without costs.