■ In the Matter of MARIAH CC., a Child Alleged to be Neglected. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOANN DD., Appellant. [756 NYS2d 661] —Lahtinen, J. Appeals (1) from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered November 3, 1999, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate Mariah CC. a neglected child, and (2) from an order of said court, entered November 3, 1999, which, inter alia, directed that custody of Mariah CC. be awarded to petitioner for a period of one year.

Shortly after her birth in March 1995, Mariah CC. was turned over by her biological mother to the custody of respondent, who is not a relative of the child. Family Court subsequently issued an order in July 1995 granting respondent custody of the child upon the condition that Mariah not be left alone with respondent's adult son, William DD. In December 1998, petitioner commenced neglect proceedings against respondent and William alleging, among other things, that William had previously been adjudicated a juvenile delinquent based upon acts constituting numerous counts of first degree sodomy, that he was living in the household where Mariah resided and that he had unrestricted access to the child. Following a hearing, Family Court rendered a detailed decision finding the child neglected based upon William's access to the child and the acute unsanitary conditions prevailing in the

home. At the ensuing dispositional hearing, Mariah was placed in petitioner's custody for one year. The court directed petitioner to consider placement with the biological mother and grandmother, and further indicated that respondent could be considered if she addressed the concerns that formed the basis for the neglect petition. Respondent appeals.

Neglect of a child is established if "the child's 'physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent or other person legally responsible for his [or her] care to exercise a minimum degree of care' by failing to, among other things, provide proper supervision or guardianship necessary to ensure that the child is not harmed or at substantial risk of being harmed" (*Matter of James MM. v June OO.*, 294 AD2d 630, 631-632, quoting Family Ct Act § 1012 [f] [i] [B]; *see Matter of Evelyn X.*, 290 AD2d 817, 819, *appeal dismissed* 98 NY2d 666). A finding of child neglect must be supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b]; *Matter of Tammie Z.*, 66 NY2d 1, 3). Family Court's assessment of the credibility of witnesses and its weighing of the evidence are generally afforded deference (*see Matter of Nichole SS.*, 296 AD2d 618, 619; *Matter of Kathleen OO.*, 232 AD2d 784, 785).

Here, evidence credited by Family Court at the hearing established that William, while growing up in respondent's home, had been repeatedly abused by numerous individuals, including some of respondent's friends, and that William had engaged in a course of sexually abusive conduct toward others. On one occasion, respondent witnessed him sexually abusing his younger sister and she failed to take steps to ensure that the girl was protected from further abuse. Although William ultimately received counseling while in custody for his conduct and was counseled thereafter, he denied committing the essential elements of the acts of sodomy which formed the basis of his adjudication as a juvenile delinquent (*see Matter of Kasey C.*, 182 AD2d 1117, 1118, *lv denied* 80 NY2d 757). Moreover, he acknowledged that he should not be alone with a child. Visits to respondent's home by caseworkers revealed that, because of physical problems emanating from her morbid obesity, respondent was virtually incapable of ambulating in the house. At the same time that respondent was unable to move about the home, William lived in the home and exercised an authoritative role toward Mariah. Although it appears that respondent was generally home whenever William and Mariah were both in the house, her inability to ambulate created a sit-

uation in which William could be with the child without supervision. The evidence supports Family Court's finding that respondent "did not adequately protect Mariah by guaranteeing that she was not alone with William." Family Court further found that respondent's condition created a situation where she was unable to care for herself or the child. Indeed, conditions observed by caseworkers at the house, in addition to general disarray and marked uncleanliness, included feces on a bed and also in a bucket in a room, where windows had been left open despite prevailing cold weather. Affording deference to Family Court's weighing of the evidence, we find the record sufficient to support the conclusion that the acute unsanitary conditions together with the role of William, who was inadequately supervised with regard to his access to Mariah, created a situation of imminent danger to the child (*see Matter of Dutchess County Dept. of Social Servs. [John S.] v Peter B.*, 224 AD2d 617; *Matter of Tiffany H.*, 216 AD2d 738, 740).

Respondent's contention regarding evidentiary errors at the hearing have been considered and found unpersuasive.

Mercure, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.