■ In the Matter of Curtis N. and Others, Children Alleged to be Neglected. St. Lawrence County Department of Social Services, Respondent; Robert N., Appellant. [754 NYS2d 593] —Lahtinen, J. Appeal from an order of the Family Court of St. Lawrence County (Main, Jr., J.), entered October 3, 2001, which, in a proceeding pursuant to Family Ct Act article 10, inter alia, denied respondent's motion to vacate default orders of protection.

Other Related Proceedings.) [755 NYS2d 505] —Lahtinen, J. Appeals (1) from an order of the Family Court of St. Lawrence County (Main, Jr., J.), entered February 19, 2002, which granted petitioner's applications, in three proceedings pursuant to Social Services Law § 384-b, to adjudicate three of respondent's children to be permanently neglected, and (2) from an order of said court (Demarest, J.), entered May 21, 2002, which, inter alia, terminated petitioner's parental rights.

At various times throughout 1997, respondent engaged in an ongoing course of repeated sexual abuse of his 10-year-old daughter. He was eventually arrested, pleaded guilty to sodomy in the first degree and is currently incarcerated. The sentence for his criminal conviction included a protective order barring him from having contact with his four children until 2011 (see CPL 530.12; People v Goodband, 291 AD2d 584, 585). In September 1998, Family Court found three of his children— Curtis (born in 1986), Emily (born in 1992) and Felicia (born in 1993)—to be neglected and a fourth child—Dawn (born in 1987)—to be abused. Since the time of Family Court's September 1998 determinations, Emily and Dawn have been placed in several foster homes and Curtis has been institutionalized much of the time. Felicia, who is not implicated by this appeal, has remained with her mother under the supervision of petitioner.

In August 2001, the children's mother, consistent with the wishes of Emily and Dawn, executed a judicial surrender of those two children in contemplation of their eventual adoption. Family Court further approved petitioner's permanency plan for Curtis, which provided for his eventual discharge into independent living. The court subsequently issued orders granting petitioner's applications for extension of placement pertaining to the children. The court found respondent to be in default regarding such applications due to his willful absence in that he failed to request an adjournment or to seek an order to produce him for the proceeding. Thereafter, in November 2001, petitioner moved for summary judgment on its previously filed petitions to have Curtis, Dawn and Emily determined to be permanently neglected children pursuant to Social Services Law § 384-b.

Family Court (Main, Jr., J.) granted petitioner's applications in a detailed decision filed in February 2002 that noted, among other things, that respondent was prohibited from contacting the children until July 2011 under the terms of the protective order included in his criminal sentence, that he failed to present evidence indicating any pending challenge to such protec-

tive order, that he had made statements blaming his daughter for his conduct toward her, that he failed to take responsibility for his sexually abusive behavior and that he had not made any realistic or feasible plans for his children's future. Respondent appeared with counsel and testified at the ensuing dispositional hearing. After hearing the evidence presented, Family Court (Demarest, J.) issued orders terminating petitioner's parental rights, placing Emily and Dawn under petitioner's custody in anticipation of their eventual adoption and approving petitioner's permanency plan for Curtis. Respondent, who has filed three previous appeals challenging various actions taken by petitioner regarding the children (*see Matter of Curtis N.*, 302 AD2d 803 [decided herewith]; 290 AD2d 755, *lv dismissed* 97 NY2d 749; 288 AD2d 774, *lv denied* 97 NY2d 610), appeals.

We affirm. The petitioning agency generally has the initial burden in a permanent neglect proceeding of establishing diligent efforts to strengthen the parent-child relationship (*see Matter of Princess C.*, 279 AD2d 825, 826) and we have previously held that, under the particular circumstances presented in this matter, petitioner has made adequate efforts in such regard (290 AD2d 755, 756-757, *supra*). Nothing in the current record raises a factual issue indicating that the relevant circumstances that supported our previous decision have changed. Respondent, who is precluded from contact with the children until 2011 because of his criminal conviction arising from the sexual abuse of his daughter, failed to set forth any realistic plan for the children's future. Moreover, although he attended treatment programs for sex offenders while incarcerated, his own submissions indicate that he has not fully accepted responsibility for his acts and has blamed others, including the victim, for his abusive conduct. Under such circumstances, we are unpersuaded that Family Court erred in summarily determining, based upon the papers before it, that the children were permanently neglected by respondent (*cf. Matter of Kasey Marie M.*, 292 AD2d 190; *Matter of William EE.*, 245 AD2d 813).

Nor is there any merit in respondent's assertion that Family Court's decision to terminate his parental rights was improper. Among the many factors supporting the court's decision that termination was in the best interests of the children were the existing order of protection preventing contact by respondent with the children until 2011, respondent's failure to establish that he could contribute in any meaningful fashion to the children's future and the fact that termination will free Emily

and Dawn for adoption. Indeed, Emily and Dawn have now been in foster care for over four years. Respondent's remaining contentions have been considered and found unpersuasive.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.