Mugglin, J.
Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered August 14, 2002, which granted petitioner’s applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondent’s children to be neglected.
Petitioner commenced these neglect proceedings against respondent based on allegations of domestic violence detrimentally impacting the four children in the household, namely, respondent’s biological child and three children for whose care he is responsible. Following a fact-finding hearing, respondent was determined to have neglected the four children. At a subsequent dispositional hearing, respondent’s biological child was placed in the custody of petitioner and the three unrelated children were placed in the custody of their biological father. Respondent appeals.
*842 We affirm. Respondent acknowledges that exposing the children to acts of domestic violence will support a finding of neglect if proven by a preponderance of the evidence (see Matter of Eric B., 299 AD2d 754, 755 [2002], lv denied 99 NY2d 506 [2003]; Matter of Nichole SS., 296 AD2d 618, 619 [2002]; Matter of James MM. v June OO., 294 AD2d 630, 632 [2002]). Respondent’s principal contention is that the finding of neglect is unsupported by any evidence in the record since Family Court improperly relied upon admitted incidents of domestic violence occurring in excess of four years prior to the institution of this proceeding, the most recent events relied upon by petitioner are not, in fact, acts of domestic violence, and the court improperly relied on orders of protection issued in other counties as some evidence of present neglect.
While the record does contain evidence of respondent’s past admitted acts of domestic violence which may be characterized as remote in time, the record also contains ample evidence of recent domestic violence impacting the children (see Matter of Nina A.M., 189 AD2d 1010, 1012 [1993]). Respondent challenges Family Court’s assessment of this evidence and its determination that these events constitute detrimental acts of domestic violence which form an adequate basis for a finding of neglect. The resolution by Family Court of the conflicting evidence with respect to these more recent events was based largely on credibility determinations, which are afforded great deference and are affirmed unless manifestly unsupported by the record (see Matter of Mariah CC., 302 AD2d 799, 800 [2003]; Matter of Nichole SS., supra at 619; Matter of Mary Ellen P. v John R. , 278 AD2d 750, 752 [2000]). Here, we find no reason to disturb Family Court’s findings with respect to the evidence that is worthy of credit (see Matter of Kim HH., 239 AD2d 717, 718-719 [1997]). We conclude that the record reveals a pattern of continuing violence by respondent which has placed the children in imminent danger of physical, mental or emotional impairment. Accordingly, Family Court’s finding of neglect is appropriately supported by a preponderance of the evidence.
As a final matter, respondent’s failure to object at the fact-finding hearing to the receipt in evidence of orders of protection issued in other counties renders this issue unpreserved for appellate review (see Matter of Gerrod BB., 284 AD2d 584, 586 [2001]).
Crew III, J.P, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.