■ In the Matter of NORBERT YY. and Another, Children Alleged to be Neglected. ESSEX COUNTY DEPARTMENT OF SOCIAL

SERVICES et al., Respondent; TAMMY A., Respondent. NORBERT B., Appellant. [811 NYS2d 597]—Carpinello, J. Appeal from an order of the Family Court of Essex County (Ryan, J.), entered August 16, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend placement of respondent's children with petitioner.

The two children who are the subject of this neglect proceeding were placed in foster care in July 2003. This placement occurred during the pendency of a prior appeal to this Court involving a child custody dispute between their parents. In May 2004, petitioner sought to extend the children's placement in foster care for an additional year, which was opposed by their father.

Following a hearing, Family Court granted petitioner's application prompting this appeal by the father. In the meantime, however, not only did the subject order extending placement expire, but both parents consented to an order placing sole legal and physical custody of the children with certain family members. This being the case, the father's appeal from the order extending placement is moot (*see Matter of Trebor UU.*, 287 AD2d 830 [2001]; *Matter of Jerry XX.*, 243 AD2d 988, 988-989 [1997]; *see also Matter of Senator NN.*, 21 AD3d 1187, 1188 [2005]; *Matter of Thomas JJ.*, 14 AD3d 953, 954-955 [2005]). Moreover, we are unpersuaded that an exception to the mootness doctrine has been demonstrated (*see Matter of Trebor UU., supra; Matter of Jerry XX., supra; see also Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713-715 [1980]).

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.