■ In the Matter of VIVIAN OO. and Another, Children Alleged to be Abused and/or Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAMES OO., Appellant. [844 NYS2d 143]—Rose, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered November 17, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be abused and/or neglected.

Respondent is the biological father of three children, James U. (born in 2002), Vivian OO. (born in 2001), and Brandon OO. (born in 1999). In January 2002, Family Court terminated the father's parental rights with respect to Brandon in an order that was affirmed by this Court (*Matter of Brandon OO.*, 302 AD2d 807 [2003]). Thereafter, Vivian was removed from the father's home and, in March 2004, petitioner commenced this proceeding alleging the father's sexual abuse and neglect of Vivian during his visitation with her, and his derivative neglect of James. After a fact-finding hearing, Family Court found that Vivian had been sexually abused while in the father's care and James had been derivatively neglected. The court granted the petition and this appeal ensued.

Inasmuch as the father's parental rights as to Vivian were terminated on November 3, 2005 and his appeal from that determination was unsuccessful (*Matter of Vivian OO.*, 33 AD3d 1096 [2006]), his current appeal from Family Court's later order as to Vivian, which granted the earlier neglect and abuse petition and extended her placement in foster care, is moot (*see Matter of Vivian OO.*, 34 AD3d 1084, 1084-1085 [2006]; *Matter of Raychael L.W.*, 298 AD2d 829 [2002], *lv denied* 99 NY2d 504 [2002]; *Matter of Gerrod BB.*, 284 AD2d 584, 585 n [2001]). Significantly, the father does not argue that any exception to the mootness doctrine is applicable here (*see Matter of Vivian OO.*, 34 AD3d at 1085; *Matter of Norbert YY.*, 28 AD3d 815, 816 [2006]).

The father, however, also contends that Family Court's finding of derivative neglect of James was against the weight of the evidence because he was not proven to have abused and neglected Vivian. Since this challenge is not moot because his parental rights have not been terminated as to James, we have reviewed the record and find no basis to disturb Family Court's determination to credit the testimony of petitioner's experts as to the nature and causes of the injuries sustained by Vivian (*see Matter of Seamus K.*, 33 AD3d 1030, 1033 [2006]; *Matter of Amanda M.*, 28 AD3d 813, 814 [2006]; *Matter of Rebecca X.*, 18 AD3d 896, 898 [2005], *lv denied* 5 NY3d 707 [2005]). Since the father's neglect and abuse of Vivian was proven, and the determination to terminate his parental rights confirmed his failure to correct the conditions that led to her removal (*Matter of Vivian OO.*, 33 AD3d at 1097), Family Court's findings of an impaired level of parental judgment and derivative neglect as to James are supported by the evidence (*see Matter of Michael WW.*, 20 AD3d 609, 611 [2005]; *Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]).

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.