■ In the Matter of RICHARD TT., Appellant, v LATASHA SS., Respondent, and SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (And Another Related Proceeding.) [951 NYS2d 260]—

Mercure, J.P. Appeal from an order of the Family Court of Schenectady County (Taub, J.H.O.), entered October 19, 2011, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for an order of visitation.

Petitioner (hereinafter the father) and respondent Latasha

SS. (hereinafter the mother) are the parents of a child born in September 2008. The child was removed from the mother's care in March 2009 and the child has remained in foster care ever since. After respondent Schenectady County Department of Social Services (hereinafter DSS) obtained an order of filiation and filed a petition to terminate the father's parental rights based upon abandonment, the father commenced this proceeding seeking visitation with the child. Meanwhile, DSS filed a permanency hearing report seeking to free the child for adoption. The father was present and represented by counsel at the September 2011 permanency hearing, during which he requested that Family Court consider his application for visitation. The court dismissed the father's visitation proceeding, reasoning that a trial on the termination proceeding was imminent, and to begin visitation at that point would not be fair to the child in the event that the father's rights were terminated. The father now appeals, arguing that he was denied the opportunity to be heard in connection with his visitation proceeding.

Visitation with an incarcerated parent may be properly denied only where the record contains a sufficient basis for concluding that it is contrary to the child's best interests (*see Matter of Beverly v Bredice*, 299 AD2d 747, 747-748 [2002]; *Matter of Curtis N.*, 288 AD2d 774, 776 [2001], *lv denied* 97 NY2d 610 [2002]). While a full evidentiary hearing is generally necessary, in this case the permanency hearing report and court filings provided Family Court—which was familiar with the child's case—with sufficient information upon which it could determine that visitation with the father would not be in the child's best interests (*see Matter of Beverly v Bredice*, 299 AD2d at 747-748; *Matter of Curtis N.*, 288 AD2d at 776; *cf. Matter of Tanner v Tanner*, 35 AD3d 1102, 1103 [2006]). The child was nearly three years old when paternity was established, had been in foster care since infancy, and was thriving. The father has admittedly had no previous visitation with the child; there was no existing relationship between them, and the father was incarcerated at the time of the hearing. Moreover, trial on the petition to terminate the father's parental rights was scheduled to occur shortly. Under the circumstances, we conclude that Family Court did not abuse its discretion in dismissing the father's petition for visitation without holding a full evidentiary hearing (*see Matter of Carlos G. [Bernadette M.]*, 84 AD3d 629, 630 [2011]; *see also Matter of Brendan N. [Arthur N.]*, 72 AD3d 1138, 1140 [2010], *lv dismissed* 14 NY3d 934 [2010], *lv denied* 15 NY3d 701 [2010], 16 NY3d 735 [2011]; *Matter of Morgaine JJ.*, 31 AD3d 931, 933-934 [2006]).

Spain, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.