■ In the Matter of COLLEEN CC., a Child Alleged to be Neglected. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; KATHLEEN CC., Respondent. (Proceeding No. 1.) (And Three Other Related Proceedings.) In the Matter of ROBERT EE., a Child Alleged to be Abused and/or Neglected. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; DONALD DD., Respondent. (Proceeding No. 2.) (And Six Other Related Proceedings.) [648 NYS2d 754] —Mercure, J. Appeals (1) in proceeding No. 1, from an order of the Family Court of Tioga County (Sgueglia, J.), entered June 1, 1995, which dismissed petitioner's applications, in four proceedings pursuant to Family Court Act article 10, to adjudicate respondent's children to be neglected, and (2) in proceeding No. 2, from an order of said court, entered June 1, 1995, which dismissed petitioner's applications, in seven proceedings pursuant to Family Court Act article 10, to adjudicate respondent's children and four other children to be abused and/or neglected.

Based upon a report by 14-year-old Robert EE. that his father, respondent Donald DD., had sexually abused him for a number of years, petitioner initiated seven separate proceedings against Donald pursuant to Family Court Act article 10 alleging his abuse of Robert and derivative neglect of his two daughters and of the four children of his cohabitant, respondent Kathleen CC. In addition, four separate petitions were filed charging Kathleen with neglect of her children based upon allegations that she allowed Donald to reside in the home and babysit for the children after she was advised of the report

of Donald's sexual abuse of Robert. Family Court appointed two Law Guardians to serve as co-counsel for all seven of the children involved in the proceedings. The matter proceeded to a fact-finding hearing at which the evidence consisted primarily of Robert's in-court and out-of-court accounts of Donald's sexual abuse, the validation testimony of certified social worker Sarah Walsh and the contrary testimony of Donald's retained psychiatric expert, Ivan Fras, whose testimony interrupted petitioner's case in order to accommodate a scheduling problem. At the conclusion of petitioner's case, Family Court dismissed the petitions in proceeding No. 1 upon the ground that petitioner failed to establish a prima facie case of neglect and the petitions in proceeding No. 2 based upon Family Court's determination that petitioner had failed to prove its case by a preponderance of the evidence. Petitioner appeals.

We agree with petitioner's primary contention on appeal, cogently supported by the current Law Guardian, that the Law Guardians appointed by Family Court failed to provide effective assistance of counsel to the children who were the subjects of the respective petitions, requiring reversal of Family Court's orders and remittal of the matter for the appointment of new Law Guardians and a new hearing. Fundamentally, Robert and the other children "had a strong interest in obtaining State intervention to protect [them] from further abuse [or neglect]" (*Matter of Jamie TT.*, 191 AD2d 132, 136), a legal position in direct opposition to that of Donald and Kathleen and, in fact, coincidental with petitioner's (*see, supra*). As such, it was the Law Guardians' responsibility to take an active role in insuring that evidence sustaining Robert's allegations of sexual abuse and supporting a finding that Kathleen failed to provide her children with proper guardianship was fully developed and supported to the fullest extent possible (*see, Matter of Pratt v Wood*, 210 AD2d 741, 743; *Matter of Jamie TT.*, *supra*, at 137; *cf., Matter of Michael FF.*, 210 AD2d 758, 759-760).

At their very best, the Law Guardians provided the children with passive representation. At worst, they were effective allies for respondents. For instance, in his thorough questioning of Robert, one of the Law Guardians made a point of breaking down Robert's direct testimony, raising the possibility that he had been "coached" by his mother during a recess and effectively impeaching him by exploring prior inconsistent statements, all for the obvious purpose of discrediting his allegations of abuse. The other Law Guardian declined to examine Robert, stating that his co-counsel had already covered all the areas he wished to explore. Most damning, while officially tak-

ing no position on respondents' dismissal motions, both Law Guardians expressed doubt in the position espoused by petitioner and questioned whether petitioner had established its case by the requisite standard. Our reading of the record as a whole leads us to conclude that the children did not receive meaningful representation (*see, Matter of Jamie TT., supra*).

Although rendered academic by virtue of our determination to remit the matter for a new hearing, we note two further serious errors that would themselves have required reversal. First, by dismissing the petition against Donald at the conclusion of petitioner's case on the basis of its assessment of the preponderance of the evidence, Family Court applied the wrong standard. At that stage, the proper inquiry was whether petitioner had made out a prima facie case, thereby shifting the burden to respondents to rebut the evidence of parental culpability (*see, Matter of Philip M.*, 82 NY2d 238, 244; *Matter of Themika V.*, 205 AD2d 787). Based upon our finding that petitioner had made out a prima facie case, it is clear that Family Court's erroneous determination had the effect of depriving petitioner of an opportunity to cross-examine respondents, if they chose to testify, or, if they did not, the benefit of the strongest inference against them that the opposing evidence permitted (*see, Matter of Themika V., supra*, at 787-788). Second, the evidence that Kathleen was aware of the report against Donald and that she nonetheless allowed him to stay overnight in the home with her four children, and, in fact, allowed him to babysit them, established prima facie that she endangered her children by her failure to exercise a minimum degree of care in providing them with proper supervision or guardianship (*see*, Family Ct Act § 1012 [f] [i] [B]; *Matter of Daniel DD.*, 142 AD2d 750, 751). Accordingly, Family Court erred in dismissing the petition against her.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the orders are reversed, on the law and the facts, without costs, petitions reinstated and matters remitted to the Family Court of Tioga County for further proceedings not inconsistent with this Court's decision.