Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

■ In the Matter of SHAWNA K., a Child Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CAPRICE M. et al., Respondents. [716 NYS2d 139] —Peters, J. Appeal from an order of the Family Court of Broome County (Danaher, Jr., J.H.O.), entered July 16, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Shawna K. to be a neglected child.

On March 24, 1999, Shawna K.[1] (born in 1996) accompanied her mother, respondent Caprice M., and her mother's live-in boyfriend, respondent Albert L., to the Family Care Center in the Village of Johnson City, Broome County, for a prenatal visit. While there, the child fell from a slide in the waiting room yet did not complain of any discomfort. The next morning, while helping her to dress, the mother noticed that Shawna's right shoulder was red and swollen. She immediately made an appointment for her to be seen by the Family Care Center where X rays were later taken. The child was diagnosed as having suffered from a displaced fractured right clavicle. The nurse practitioner who treated Shawna became concerned about respondents' inability to give a plausible explanation for the injury and, therefore, made a report of suspected child abuse. It was undisputed that Shawna had been in the constant care and custody of respondents during the relevant period.

A child protective investigation was commenced during which a caseworker, Anita Malenda, discovered that the boyfriend had a history of child maltreatment. Concerned about Shawna's injury and the presence of the boyfriend in the home environment, petitioner obtained the mother's permission, along with that of the biological father, for a consensual placement in foster care; a neglect petition was thereafter filed against both respondents.

At the hearing on July 13, 1999, both respondents were called to testify by petitioner. The mother and boyfriend conceded that Shawna had sustained a broken clavicle while in

---

1. Shawna K. is not related to the boyfriend.

their care and custody but could not ascribe a cause. They theorized that such injury might have been caused by the fall from the slide in the doctor's office, a fall from her bed or a blow from an 18-month-old child with a miniature toy truck that Shawna had sustained the previous evening.

Malenda testified to conversations that she had with both Linda Getchell, the nurse practitioner who treated Shawna for the broken clavicle, and an unnamed physician at the Johnson City Family Care Center where Shawna was treated and X rays were taken. Malenda detailed that Getchell opined that if Shawna's injury was caused by her fall from the slide, her pain would have been evident to respondents and that the physician informed her that the injury could not have resulted from such a fall. Malenda further explained how she came to her own conclusion, without actual measurements, that the injury could not have occurred from a fall from the child's bed. Malenda next testified to the conversations she had with caseworkers in other counties with respect to the boyfriend's criminal and Family Court history. Again, she failed to note the full name of anyone with whom she had spoken and failed to describe efforts made to obtain admissible records. Petitioner rested without propounding the testimony of the nurse practitioner, the physician who read the X ray or the caseworkers who allegedly provided Malenda with the information and documents upon which she relied. Respondents moved to dismiss, the Law Guardian reluctantly agreed and Family Court granted the motion, thereafter dismissing the petition with a direction that the child be returned to respondents' custody.[2] This appeal ensued.

Failure by petitioner to establish a prima facie case (*see, Matter of Camara R.*, 263 AD2d 710, 711; *Matter of Colleen CC.*, 232 AD2d 787, 789) will cause dismissal of a neglect petition. By statute, a prima facie case of neglect is established, *inter alia*, by "proof of injuries sustained by a child * * * as would ordinarily not be sustained or exist except by reason of the acts or omission of the parent or other person responsible for the care of such child" (Family Ct Act § 1046 [a] [ii]). While we note that the petition supporting this proceeding was properly detailed, the record reflects a wholly inadequate showing of proof to support these allegations; with documentary and medical testimonial evidence readily available, the failed

---

2. Petitioner obtained a stay of Family Court's order from the same Judicial Hearing Officer who had presided at the neglect hearing which was continued by Family Court (Pines, J.) until the issuance of an amended order by Family Court (Smith, J.).

proffer by petitioner warranted dismissal. Viewing this lack of evidence with the consistent testimony by respondents that the boyfriend's history was never fully communicated to the mother prior to Shawna's removal, we agree that there was no basis upon which a finding of neglect could have been made (*see,* Family Ct Act § 1012 [f] [i] [B]; *see also, Matter of Colleen CC., supra,* at 789; *Matter of Daniel DD.,* 142 AD2d 750, 751).

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.