■ In the Matter of ZACHERY M., a Child Alleged to be Neglected. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; GARY M. et al., Respondents. [760 NYS2d 546] —In a neglect proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Orange County (Bivona, J.), entered January 29, 2002, which granted the father's motion, made at the close of the petitioner's case, to dismiss that branch of the petition which alleged that the father neglected the subject child for failure to present a prima facie case, granted the mother's motion, made at the close of the petitioner's case, to dismiss that branch of the petition which alleged that the mother neglected the subject child for failure to present a prima facie case, and dismissed the petition.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof granting the father's motion and substituting therefor a provision denying the father's motion; as so modified, the order is affirmed, without costs or disbursements, that branch of the petition which alleged that the father neglected the subject child is reinstated, and the matter is remitted to the Family Court, Orange County, for a new fact-finding hearing before a different judge.

Family Court Act article 10 permits a finding of neglect if a child's physical, mental, or emotional condition has been, or is in imminent danger of being impaired, as a result of the failure of his or her parent to exercise a minimum degree of care in providing proper supervision or guardianship, "by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act 1012 [f] [i] [B]; *Matter of Dutchess County Dept. of Social Servs. [John S.] v Peter B.,* 224 AD2d 617 [1996]). This statute was drafted in sufficiently broad terms to encompass domestic violence as a permissible basis upon which to make a finding of neglect (*see Matter of Deandre T.,* 253 AD2d 497 [1998]).

Contrary to the Family Court's conclusions, the petitioner demonstrated that the father had engaged in a course of conduct with respect to his son, Zachery, which placed Zachery in imminent danger of being impaired (*see Matter of Griselua A.,* 304 AD2d 659 [2003]; *Matter of Francis S.,* 296 AD2d 507 [2002]; *Matter of Jeremiah M.,* 290 AD2d 450 [2002]).

There is ample evidence in the record of the father's verbal and physical abuse of Zachery and of Zachery's mother, the respondent Sheryl M. The petitioner established that the father directed verbal threats of physical harm at the subject child, and that the child exhibited welts on his buttocks three days later. When confronted by child welfare officials about this incident, the father acted in a vulgar and belligerent manner, handling the subject child in an unnecessarily rough manner, causing him to cry hysterically.

Moreover, the father's behavior in this instance is unfortunately consistent with the violent manner in which he has treated Sheryl M. Two police officers testified that they received complaints of domestic disturbances. In January 2000 Sheryl M. reported to an officer that she had been physically assaulted by the father in the home, in Zachery's presence. In May 2000 Sheryl M. reported to an officer that the father threatened her with a piece of lumber while she and Zachery were inside her car, and refused to let them leave the garage. Sheryl M. applied for an order of protection after the second episode, but failed to pursue the matter and it was dismissed.

On the whole, the petitioner demonstrated prima facie that Zachery suffered harm, and is in imminent danger of further harm, as a result of his exposure to episodes of domestic violence within the home. In view of the evidence of abusive conduct toward Zachery, and in light of the "devastating consequences of domestic violence," including the likelihood of psychological injury (*Matter of Wissink v Wissink,* 301 AD2d 36, 40 [2002]), the Family Court erred in dismissing that branch of the petition which alleged that the father neglected Zachery. Accordingly, we remit the matter to the Family Court, Orange County, for a new fact-finding hearing before a different judge.

The petitioner's remaining contentions are without merit. Smith, J.P., S. Miller, Crane and Cozier, JJ., concur.