■ In the Matter of RUBEN G., a Child Alleged to be Abused and/or Neglected, Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; CLAUDIA G. et al., Respondents. (Proceeding No. 1.) In the Matter of LERONE T., a Child Alleged to be Abused and/or Neglected, Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; CLAUDIA G. et al., Respondents. (Proceeding No. 2.) [18 NYS3d 642]—

Appeals from an order of the Family Court, Kings County (Daniel Turbow, J.), dated December 4, 2014, and appeal from an order of that court dated December 12, 2014. The order dated December 4, 2014, insofar as appealed from, upon granting the separate motions of Claudia G. and Leon T. made at the close of the petitioner's case at the fact-finding hearing to dismiss the petitions filed pursuant to Family Court Act article 10, dismissed the petitions. The order dated December 12, 2014, insofar as appealed from, denied those branches of the petitioner's motion which were pursuant to Family Court Act § 1061 to set aside the order dated December 4, 2014, and to reopen the fact-finding hearing to introduce certain out-of-court statements made by Claudia G. as part of the petitioner's prima facie case against Leon T.

Ordered that the order dated December 4, 2014, is reversed insofar as appealed from, on the law, without costs or disbursements, the petitions are reinstated, and the matters are remitted to the Family Court, Kings County, for further proceedings in accordance herewith; and it is further,

Ordered that the appeal from the order dated December 12, 2014, is dismissed, without costs or disbursements, as academic in light of our determination on the appeals from the order dated December 4, 2014.

The petitioner filed petitions pursuant to Family Court Act article 10, alleging, inter alia, neglect due to domestic violence. At the close of the petitioner's case, the Family Court granted the separate motions of the respondents, Claudia G. and Leon T., to dismiss the petitions for failure to establish a prima facie case.

Viewing the evidence in the light most favorable to the petitioner, and affording it the benefit of every inference which could be reasonably drawn from the evidence (*see Matter of Christian Q.*, 32 AD3d 669, 670 [2006]), the petitioner presented a prima facie case of neglect against Leon T. by presenting evidence that he engaged in acts of domestic violence against the mother in the children's presence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [a] [vi]; *Matter of Zachery M.*, 306 AD2d 348, 349 [2003]; *Matter of Tina H.*, 123 AD2d 864, 864 [1986]; *see also Matter of Mohammed J. [Mohammed Z.]*, 121 AD3d 994, 995 [2014]). The evidence presented at the fact-finding hearing included medical records containing an admission by Claudia G. to an emergency room social worker that the children witnessed Leon T. physically abusing her, and Leon T. did not object to the admissibility of this statement. Moreover, Claudia G.'s admission to the emergency room social worker that Leon T. subjected her to domestic violence in view of the children, together with evidence that social workers had developed a reasonable safety plan which she did not follow while continuing to share a home with Leon T. and the children, established a prima facie case of neglect against Claudia G. based upon her failure to protect the children from Leon T.'s domestic violence.

Accordingly, the Family Court erred in dismissing the petitions for failure to make out a prima facie case (*see Matter of Christian Q.*, 32 AD3d at 671). Since the Family Court terminated these proceedings at the close of the petitioner's direct case upon an erroneous finding that a prima facie case had not been established, a new hearing is required (*see Matter of Shawniece E.*, 110 AD2d 900 [1985]).

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.