Centra, J.P., and NeMoyer, J.
(dissenting). We respectfully dissent because, in our view, the children received effective assistance of counsel, and we would therefore affirm the order. Respondent mother and respondent father are the parents of Alyssa, Brian, and Katie, who were 15, 13, and 12 years old at the time petitioner filed the neglect petition herein against the parents. The parents lived in separate homes and, at the time of the filing of the petition, the girls lived with the mother and Brian lived with the father. One attorney was assigned to represent the children as Attorney for the Children (trial AFC), as he had done in prior proceedings involving the parents. On this appeal, the three children are each represented by a different attorney (appellate AFC), and only the appellate AFCs for Brian and Katie contend that they were denied the effective assistance of counsel by the trial AFC.
As a preliminary matter, we agree with the majority that petitioner established by a preponderance of the evidence that the children were neglected by the parents. The evidence established educational neglect by the mother inasmuch as Brian’s and Alyssa’s school attendance was poor while they were in the mother’s custody (see Family Ct Act § 1012 [f] [i] [A]; Matter of Cunntrel A. [Jermaine D.A.], 70 AD3d 1308, 1308 [2010], lv dismissed 14 NY3d 866 [2010]). In fact, the school made a PINS referral for Alyssa based on her excessive absences, but the mother did not follow through with the referral. The evidence also established that the mother inadequately supervised the children inasmuch as she remained in her bedroom for excessive periods of time and was oblivious to the fact that the children were leaving the home to drink alcohol and smoke marihuana (see § 1012 [f] [i] [B]). Finally, there was evidence that the mother snorted crushed “hydros, oxies,” thus supporting the determination that the mother neglected the children by misusing drugs (see id.', Matter of Edward J. Me. [Edward J. Me.], 92 AD3d 887, 887-888 [2012]). With respect to the father, he admitted that he inappropriately abused alcohol, which was sufficient to establish that he repeatedly misused alcohol “to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of . . . intoxication” (§ 1046 [a] [iii]), and that he thereby *1150 neglected the children (see § 1012 [f] [i] [B]; Matter of Samantha R. [Laurie R.], 116 AD3d 867, 868 [2014], lv denied 23 NY3d 909 [2014]; Matter of Tyler J. [David M.], 111 AD3d 1361, 1362 [2013]).
Children who are the subject of a Family Court Act article 10 proceeding are entitled to the assignment of counsel to represent them (§ 249 [a]; § 1016), and the children are entitled to the effective assistance of counsel, or meaningful representation (see Matter of Dwayne G., 264 AD2d 522, 523 [1999]; Matter of Jamie TT., 191 AD2d 132, 135-136 [1993]). As the above evidence shows, the children were neglected by the parents, and the trial AFC understandably argued in summation that petitioner had proven its case, Although the trial AFC did not set forth the wishes of the children, Family Court was aware that Alyssa wanted to live with the mother, that Brian wanted to live with the mother or the father, and that Katie wanted to live with an aunt. Nevertheless, the appellate AFCs for Brian and Katie contend that Brian and Katie were denied effective assistance of counsel because the trial AFC advocated a finding of neglect, which was against the apparent wishes of his clients.
The appellate AFCs and the majority rely on 22 NYCRR 7.2 (d), which provides that the AFC “must zealously advocate the child’s position,” and 22 NYCRR 7.2 (d) (2), which provides that, “[i]f the child is capable of knowing, voluntary and considered judgment, the [AFC] should be directed by the wishes of the child, even if the [AFC] believes that what the child wants is not in the child’s best interests.” If an AFC is convinced, however, “that following the child’s wishes is likely to result in a substantial risk of imminent, serious harm to the child, the [AFC] would be justified in advocating a position that is contrary to the child’s wishes” (22 NYCRR 7.2 [d] [3]). We conclude that the trial AFC was reasonably of the view, in light of the evidence supporting a finding of neglect, that there was a substantial risk of imminent, serious harm to the children if they remained in the custody of the parents, and was not ineffective for advocating a finding of neglect (see generally Matter of Lopez v Lugo, 115 AD3d 1237, 1238 [2014]). Indeed, we note that in cases where an AFC has been found to have rendered ineffective assistance of counsel to his or her client in a Family Court Act article 10 proceeding, the reason is that the AFC did not do enough to establish that the child had been abused or neglected (see Matter of Colleen CC., 232 AD2d 787, 788-789 [1996]; Jamie TT, 191 AD2d at 137). In addition, even assuming, arguendo, that the exception set forth in 22 NYCRR 7.2 (d) (3) does not apply to the circumstances of this case, we *1151 nevertheless would conclude, under all the circumstances presented, that Brian and Katie received meaningful representation (cf. Jamie TT., 191 AD2d at 137; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Present — Centra, J.P., Peradotto, Lindley, DeJoseph and NeMoyer, JJ.