Matter of Jacob W. (Sharmel W.--Jermaine W.) (2019 NY Slip Op 01906)





Matter of Jacob W. (Sharmel W.--Jermaine W.)


2019 NY Slip Op 01906


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


178 CAF 17-01219

[*1]IN THE MATTER OF JACOB W., JALEN W., AND JANAIR W. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; SHARMEL W., RESPONDENT, AND JERMAINE W., RESPONDENT-APPELLANT.






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT. 
KAREN J. DOCTER, FAYETTEVILLE, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered May 31, 2017 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Jermaine W. had neglected Jacob W. and Jalen W. and had derivatively neglected Janair W. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order that, inter alia, determined that he neglected two of the subject children and derivatively neglected the other subject child, and issued a 12-month stay away order of protection in favor of all three children.
Contrary to the father's contention, Family Court did not err in denying his motion to dismiss the petition at the close of petitioner's proof. Viewing the evidence in the light most favorable to petitioner, we conclude that it adduced sufficient evidence to make a prima facie case of neglect (see generally Matter of Christian Q., 32 AD3d 669, 670 [3d Dept 2006]).
We reject the father's contention that the court erred in determining that he neglected the two older children. The evidence at the hearing established that the father engaged in abusive behavior against respondent mother while the children were present (see generally Matter of Michael WW., 20 AD3d 609, 611-612 [3d Dept 2005]) and, more egregiously, choked his oldest son twice in two months (see generally Matter of Nah-Ki B. [Nakia B.], 143 AD3d 703, 706-707 [2d Dept 2016]). Furthermore, both of the older children, when interviewed by an investigator employed by petitioner, expressed fear and apprehension of the father. Thus, petitioner established by a preponderance of the evidence that the two oldest children's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" by the father's actions (Family Ct Act § 1012 [f] [i] [B]; see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]).
Likewise, there was sufficient evidence to establish that the father derivatively neglected the youngest child, inasmuch as "the evidence of . . . neglect of [the older] child[ren] indicates a fundamental defect in [the father's] understanding of the duties of parenthood . . . or demonstrates such an impaired level of parental judgment as to create a substantial risk of harm [*2]for any child in [his] care" (Matter of Eliora B. [Kennedy B.], 146 AD3d 772, 774 [2d Dept 2017] [internal quotation marks omitted]).
The court did not abuse its discretion in issuing a stay-away order of protection with a duration of one year. We conclude that the order of protection was in the best interests of the children (see Matter of Victoria X., 34 AD3d 1117, 1118 [3d Dept 2006], lv denied 8 NY3d 806 [2007]).
The father "failed to preserve for our review [his] contention that the [Attorney for the Children (AFC)] . . . failed to advocate for the [children's] position regarding custody and visitation and thus failed to provide [them] with effective representation" (Matter of Lopez v Lugo, 115 AD3d 1237, 1237-1238 [4th Dept 2014] [internal quotation marks omitted]). He also did not preserve his contention that the AFC had a conflict of interest (see Matter of Aaliyah H. [Mary H.], 134 AD3d 1574, 1575 [4th Dept 2015], lv denied 27 NY3d 906 [2016]). Finally, we conclude that the father was not deprived of his right to confer with counsel (see generally People v Joseph, 84 NY2d 995, 997-998 [1994]; Matter of Jaylynn R. [Monica D.], 107 AD3d 809, 810-811 [2d Dept 2013]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court