Matter of Brianna J. (Anonymous) (2026 NY Slip Op 01062)

Matter of Brianna J. (Anonymous)

2026 NY Slip Op 01062

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2025-01700
 (Docket Nos. N-22992-23, N-22993-23, N-22994-23, N-22995-23)

[*1]In the Matter of Brianna J. (Anonymous). Administration for Children's Services, appellant; Raphaline J. (Anonymous), respondent-respondent, et al., respondent. (Proceeding No. 1)
In the Matter of Kevin J. (Anonymous). Administration for Children's Services, appellant; Raphaline J. (Anonymous), respondent-respondent, et al., respondent. (Proceeding No. 2)
In the Matter of Ricardo J. (Anonymous). Administration for Children's Services, appellant; Raphaline J. (Anonymous), respondent-respondent, et al., respondent. (Proceeding No. 3)
In the Matter of Richard J. (Anonymous). Administration for Children's Services, appellant; Raphaline J. (Anonymous), respondent-respondent, et al., respondent. (Proceeding No. 4)

Steven Banks, Corporation Counsel, New York, NY (Claude S. Platton, Deborah A. Brenner, and Philip W. Young of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Julianna Simms and Julian Montijo of counsel), for respondent-respondent.
Martha Schneiderman, Brooklyn, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated February 13, 2025. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the mother neglected the subject children, dismissed the petitions insofar as asserted against the mother.
ORDERED that the order is reversed, on the facts, without costs or disbursements, the petitions are reinstated insofar as asserted against the mother, a finding is made that the mother [*2]neglected the subject children, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and a determination thereafter.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject children by failing to provide them with proper supervision or guardianship. The petitioner alleged, among other things, that the children's physical, mental, or emotional condition had been impaired or was in imminent danger of becoming impaired as a result of acts of domestic violence perpetrated by Richecarde L. against the mother in their presence. After a fact-finding hearing, the Family Court found that the petitioner failed to establish by a preponderance of the evidence that the mother neglected the children by failing to provide them with proper supervision or guardianship. In an order dated February 13, 2025, the court dismissed the petitions insofar as asserted against the mother. The petitioner appeals.
"In a child protective proceeding, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Khamari S. [Keith S.], 163 AD3d 826, 826; see Family Ct Act § 1046[b][i]). "'[A] party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship'" (Matter of Jaylen S. [Richard S.], 214 AD3d 885, 885, quoting Nicholson v Scoppetta, 3 NY3d 357, 368; see Family Ct Act § 1012[f][i][B]). "Where a neglect petition is predicated on a child's exposure to domestic violence, the sole allegation that a parent has been the victim of abuse and that the child witnessed the abuse is insufficient to support a finding of neglect" (Matter of Angelique L., 42 AD3d 569, 571; see Nicholson v Scoppetta, 3 NY3d at 371).
Here, the petitioner established, by a preponderance of the evidence, that the mother neglected the children by failing to provide them with proper supervision or guardianship, and that, as a result, the children's physical or emotional conditions were impaired or were in imminent danger of becoming impaired by the acts of domestic violence perpetrated in their presence (see Matter of Malik M. [Taishona M.], 236 AD3d 1034, 1037-1038; Matter of Ruben G. [Claudia G.], 132 AD3d 761, 762; Matter of Angelique L., 42 AD3d at 571-572). The record established that the mother acknowledged that the children knew of repeated incidents of domestic violence involving Richecarde L. and the mother, yet she nonetheless allowed Richecarde L. to visit her home with some degree of regularity. In November 2023, the mother allowed Richecarde L. to visit her home despite the existence of an active temporary order of protection issued by the Criminal Court of the City of New York against him on her behalf. In the presence of the children, Richecarde L. pushed the mother, and when the oldest child attempted to intervene, Richecarde L. pushed the child out of the way. The second-oldest child also witnessed Richecarde L. punch the mother. Prior to that incident, the mother made multiple reports to the police against Richecarde L. alleging assault. The evidence presented by the petitioner, together with a negative inference drawn from the mother's failure to testify, was sufficient to support a finding of neglect (see Matter of Christopher D.B. [Lorraine H.], 157 AD3d 944, 948; Matter of Valentino R. [Dina R.], 128 AD3d 562, 562; Matter of Mylasia P. [Brenda P.], 104 AD3d 856, 856).
The parties' remaining contentions are either without merit or not properly before this Court.
IANNACCI, J.P., FORD, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court